TOWN OF HIGHLANDS ET AL. V. CITY OF HICKORY ET AL.

(Filed 27 January, 1932.)

**Municipal Corporations A b—Statute revoking town charters and extending limits of city to include their territory held valid.**

There are no constitutional limitations on the power of the General Assembly to provide by statute for the extension of the corporate limits of a municipal corporation or for the repeal of a statute under which a municipal corporation was organized, and a statute providing for the revocation of the charters of two towns, and the extension of the limits of a city to take in the contiguous territory formerly included within the limits of the towns is valid.

APPEAL by plaintiffs from *Moore, J.,* at Chambers, in Newton, on 18 July, 1931. From CATAWBA. Affirmed.

This is an action to enjoin the holding by the defendants of a special election on 6 July, 1931, under the provisions of an act of the General Assembly of this State, and for judgment that said act providing (1) for the extension of the corporate limits of the city of Hickory, by including therein the territory now embraced within the corporate limits of the town of Highlands and of the town of West Hickory, respectively, and (2) for the repeal of the statutes under which the said towns of Highlands and West Hickory are now organized as municipal corporations, is unconstitutional and void.

The action was begun on 3 July, 1931. On 4 July, 1931, a temporary restraining order was issued therein by Sink, J., restraining and enjoining the defendants, jointly and severally, from certifying the results of the special election to be held on 6 July, 1931, under the provisions of chapter 41, Private Laws of North Carolina, 1931, and requiring the defendants to appear before Moore, J., at Newton, on 8 July, 1931, and then and there show cause, if any they had, why the temporary restraining order should not be made permanent.

At the hearing pursuant to said order, the temporary restraining order was dissolved.

It was ordered, adjudged and decreed that the act of the General Assembly of this State under which the special election was held on 6 July, 1931, was valid in all respects.

Plaintiffs excepted and appealed from the judgment to the Supreme Court.

*Louis A. Whitener and John C. Stroup for plaintiffs.*

*Self, Bagby, Councill, Aiken & Patrick, J. L. Murphy, Jr., R. H. Shuford and Theodore C. Cummings for defendants.*

CONNOR, J. At the date on which this action was begun, to wit: 3 July, 1931, the city of Hickory, the town of Highlands, and the town of West Hickory were municipal corporations, organized and existing under the laws of this State. They were located in Catawba County, and were exercising all the powers conferred upon them by statute. The town of Highlands adjoined the city of Hickory on the east; the town of West Hickory adjoined said city on the west. The territory included within the corporate limits of said towns, respectively, was contiguous to the territory included within the corporate limits of the city of Hickory.

At its regular session held in 1931, the General Assembly of this State enacted chapter 41, Private Laws 1931. This act is entitled, "An act for the extension of the corporate limits of the city of Hickory, for an election in furtherance thereof, for the repeal of the charters of other towns within the extended limits, and for other purposes." The validity of this act is challenged by the plaintiffs in this action on the ground that the General Assembly was without power, because of constitutional limitations, to enact the same. This challenge cannot be sustained. There are no limitations in the Constitution of this State or of the United States upon the power of the General Assembly to provide by statute for the extension of the corporate limits of a municipal corporation organized and existing under the laws of this State, or for the repeal of a statute under which a municipal corporation in this State was organized.

In *Lutterloh v. Fayetteville*, 149 N. C., 65, 62 S. E., 758, it is said: "We have held in common with all the courts of this country, that municipal corporations, in the absence of constitutional restrictions, are the creatures of the legislative will, and are subject to its control; the sole object being the common good, and that rests in legislative discretion. *Dorsey v. Henderson*, 148 N. C., 423, 62 S. E., 547; *Perry v. Commissioners*, 148 N. C., 521, 62 S. E., 608; *Manly v. Raleigh*, 57 N. C., 372. Consequently, it follows that the enlargement of the municipal boundaries by the annexation of new territory, and the consequent extension of their corporate jurisdiction, including that of levying taxes, are legitimate subjects of legislation. In the absence of constitutional restriction, the extent to which such legislation shall be enacted, both with respect to the terms and circumstances under which the annexation may be had, and the manner in which it may be made, rests entirely in the discretion of the legislature. With its wisdom, propriety, or justice we have naught to do. It has therefore been held that an act of annexation is valid which authorized the annexation of territory, without the consent of its inhabitants, to a municipal corporation, having a large

unprovided for indebtedness, for the payment of which the property included within the territory annexed became subject to taxation."

*Lutterloh v. Fayetteville* is cited in *Chimney Rock Co. v. Lake Lure,* 200 N. C., 171, 156 S. E., 542, as authoritative in this jurisdiction. See, also, *Penland v. Bryson City,* 199 N. C., 140, 154 S. E., 88, and *Holmes v. Fayetteville,* 197 N. C., 740, 150 S. E., 624.

We have examined the provisions of chapter 41, Private Laws 1931, with respect to the organization and government of the city of Hickory after its corporate limits have been extended as provided in the act. The contention of the plaintiffs that certain of these provisions are not valid cannot be sustained. There is no error in the judgment that the act is valid in all respects. The judgment is therefore

Affirmed.