TOWN OF DUNN v. JOHN J. TEW AND WIFE, FANNIE G. TEW; LENA SMITH, ADMINISTRATRIX OF C. J. SMITH, TRUSTEE, DECEASED; COMMERCIAL BANK OF DUNN, N. C., AND COUNTY OF HARNETT.

(Filed 19 March, 1941.)

**1. Pleadings § 28—**

Where the answer admits the material allegations of the complaint and alleges new matter not relating to a counterclaim, the new matter is deemed denied, Michie's Code, 543, but when such new matter does not raise issues of fact but presents only questions of law, the court may render judgment on the pleadings, there being no controverted issues of fact for the determination of the jury. Michie's Code, 554, 556.

**2. Taxation § 38b—Where taxpayers' answer in action to foreclose tax certificate presents questions of law only, court may render judgment on the pleadings.**

This was an action by a municipality to foreclose a tax lien. Defendants admitted the amount of the tax levied, the *locus in quo*, the amount due on the tax sale certificate and that payment had been demanded, that default was made in payment of said taxes, that plaintiff is the owner of the tax sale certificate, and that the period for payment of the certificate at the foreclosure had expired, but denied the right of the municipality to levy and collect the taxes. *Held:* The answer presents questions of law only, and the court may render judgment on the pleadings without submitting an issue to the jury.

**3. Municipal Corporations § 42—Municipality may levy and collect taxes within territory annexed without regard to public improvements and notwithstanding that taxes may be used to pay prior indebtedness of city.**

Where the corporate limits of a municipality have been extended by legislative act (chapters 82, 201, Private Laws of 1925), the municipality has jurisdiction over the territory annexed and may levy and collect taxes on the property embraced therein, notwithstanding that the taxes so collected may be used to pay municipal indebtedness incurred prior to the time of the annexation and, notwithstanding that streets and public improvements comparable to those enjoyed by the other residents of the municipality had not been afforded to those within the territory annexed, the making of improvements within the territory annexed being within the sound discretion of the municipality.

**4. Municipal Corporations §§ 3, 5—**

Municipal corporations are creatures of the legislative will and are subject to its control, and the Legislature, in its discretion, may provide for the annexation of new territory and enlarge the municipal jurisdiction to the new boundaries, and prescribe the terms and circumstances under which the annexation may be had and the manner in which it may be made, in the absence of constitutional restriction.

APPEAL by defendants John J. Tew and Fannie G. Tew, from *Williams, J.,* at October Term, 1940, of HARNETT. Affirmed.

This was a civil action instituted in November, 1935, and which came on for hearing before Williams, Judge, and a jury, at the October Term, 1940, of the Civil Term of Superior Court of Harnett County. After the jury was selected and impaneled, the court of its own volition and without submitting issues to the jury, rendered the judgment hereinafter set out, from which judgment the defendants John J. Tew and Fannie G. Tew, and each of them, excepted, assigned errors' and appealed to the Supreme Court of North Carolina.

The judgment of the court below was as follows:

"This cause coming on to be heard, and being heard, upon motion for judgment on the pleadings before the undersigned Judge holding the Court of the October Term for the trial of civil cases in Harnett Superior Court, no evidence being submitted by the defendant John J. Tew and wife; and the Court finding that all parties defendant were duly served with summons and copy of complaint by the Sheriff of Harnett County; and that all parties in interest named as parties defendant herein are properly before the Court, and that all defendants having failed to answer except the County of Harnett and John J. Tew and wife, Fannie G. Tew, and that these answering defendants offered no evidence, and that time for filing answer or demurring on the part of the other parties defendant having expired; and it further appearing to the Court and the Court finding that defendants John J. Tew and wife, Fannie G. Tew, are indebted to the plaintiff for taxes duly and properly assessed and levied for the years sued on ' (1932) in the amount of $15.93, together with costs, interests, and penalties as alleged by law; and that the said defendants John J. Tew and wife are also indebted to the County of Harnett in the sum of $12.19 for taxes duly and properly assessed and levied by it for the year as set out in the answer filed herein, together with the costs, interest, and penalties as allowed by law; and that the aforementioned amounts of money due the Town of Dunn, Plaintiff, and the County of Harnett, as above set forth, should be declared specific liens against the lands described in the complaint filed herein, and that the said lands should be condemned and foreclosed to satisfy the said liens; and that the proceeds of such sale should be applied in ratio in satisfaction of the said specific liens, after paying costs and expenses of sale to satisfaction of said liens, which said liens are found to be superior liens of equal dignity and preferred to all other liens on said lands:

"It is, Therefore, Considered, Ordered, Adjudged and Decreed upon motion of plaintiff's counsel that the Town of Dunn has a specific lien for taxes duly and properly assessed and levied, and as above recited, against the lands hereinafter described of said defendants John J. Tew and' wife in the sum of $15.93, the said sum being the amount of said

taxes together with penalties thereon in the sum of $9.29, together with interest at the rate of 6% per annum from October 9, 1940, and the cost of this action; and that the County of Harnett has a specific lien against the lands hereinafter described in the sum of $12.19, said sum being the amount of said taxes found to be due the County of Harnett with such penalties due thereon in the sum of $ . ........., with interest on said taxes at the rate of six per cent per annum from October 9, 1940, until paid; and that the aforementioned sums be and they are hereby declared first and prior liens of equal dignity upon the lands and premises described in the complaint filed herein, to-wit: (land described).

"And it is Further Decreed that the said lands and premises be, and the same are hereby condemned and Ordered sold for cash at public auction at the Courthouse door of Harnett County on the 25th day of November, 1940, after publishing notice of said sale for once a week for four consecutive weeks in the *Dunn Dispatch,* a newspaper published in Harnett County, and by posting notice of said sale at the Court House door of Harnett County, and otherwise as prescribed by law; and to that end J. Shepard Bryan is appointed Commissioner of the Court with full power to conduct said sale and upon confirmation thereof by the court to execute and deliver deed to the purchaser conveying title to the lands in fee simple and thereupon all the rights, title, interest and estate of the defendants in and to the said lands shall be forever thereafter barred.  That the plaintiff and other interested parties hereto be, and they are hereby permitted to bid at said sale.  That the Commissioner herein appointed to make said sale shall immediately file his report with the Court and upon confirmation thereof, the receipt of the purchase price, execution and delivery of the deed to the purchaser, shall pay into Court the amount received by him to be disbursed by the Court as follows: (a) to the payment of the costs and expenses of sale including a reasonable allowance to the Commissioner for his services in the matter (b) to the discharge in ratio of the specific liens herein declared (c) to subsequent lienholders according to priority (d) to those legally entitled.

"And this cause is retained for further order of the Court.  This the 10th day of October, 1940.  Clawson L. Williams, Judge Presiding."

The other material facts will be set forth in the opinion.

*J. Shepard Bryan for plaintiff.*
*J. R. Young for appealing defendants.*

CLARKSON, J.  The defendants' exceptions and assignments of error are as follows: "1. For that the Court erred in signing the judgment without submitting issues to the jury, the burden being on the plaintiff to prove its case, and as appears in the record over the objections of the

defendants.   2. For that the Court erred over the objection of the defend-ants in signing judgment in favor of the plaintiff." These exceptions and assignments of error cannot be sustained on the record.

The complaint alleges: (1) that plaintiff is a municipal corporation and under the law has the power to levy and collect taxes on real and personal property in the town and assessments for street and sidewalk improvements. This is admitted by defendants, but they allege it is inoperative as to defendants' property.

(2) That the appealing defendants, owners of the land in controversy, listed them for the year 1932. This is admitted in defendants' answer.

(3) That the amount of tax assessed for the year 1932 by the town of Dunn was $15.93. This is admitted in defendants' answer.

(4) That default was made in the payment of the above taxes and the land sold by the tax collector and purchased by plaintiff. This is admitted in defendants' answer, but defendants allege that the tax col-lector had no authority to sell the land.

The appealing defendants, for a further defense, allege: That the plaintiff, the town of Dunn, is without legal authority to levy against or collect any taxes whatsoever against the property of these defendants, for the following reasons:

(1) That the Act of the General Assembly of North Carolina, extend-ing or attempting to extend the corporate limits of the plaintiff munici-pal corporation is unconstitutional and is therefore void, in that no general election was had or vote had on the matter and these defendants or other residents did not have an opportunity to say whether they should be incorporated.

(2) That the rate is in excess of that allowed by law.

(3) That the levy included a rate to take care of certain outstanding bonded indebtedness prior to the time of the extension.

(4) That the bonded indebtedness was incurred and expended for the sole purpose and benefit of the residents of the town of Dunn, and prop-erty owners, and that these defendants have not received anything in the way of improvements, any streets, no sidewalks, any sewer or water facilities for which indebtedness was incurred.

(5) That the plaintiff had furnished the appealing defendants no improvements although requested so to do, such as streets, sidewalks, sewer, water, fire protection, etc. That they have been denied the same privileges and conveniences that the other citizens and residents have been accorded by the reason of the improvements heretofore made by the said town of Dunn, for which said taxes have been levied.

(6) That the appealing defendants have been damaged in more than the taxes levied, by not being furnished the above improvements. These defendants pray that the action be dismissed as to these defendants, and

10—219

each of them, and that they be permitted to go hence without day until the said town of Dunn has furnished to these defendants the necessary improvements and protection that the other residents are enjoying.

The *first* question presented: Does the court below have the right to render judgment for the plaintiff on the pleadings, on plaintiff's motion, when the pleadings present no controverted issues of fact? We think so.

N. C. Code, 1939 (Michie), sec. 554, is as follows: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."

Sec. 556: "An issue of law must be tried by the judge or court, unless it is referred. *An issue of fact must be tried by a jury,* unless a trial by jury is waived or a reference ordered. *Every other issue is triable by the court,* or judge, who, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or may refer it." (Italics ours.)

The admissions by defendants in the answer raised no issue of fact to be submitted to a jury. There was no fact that the jury had to pass on. The court below was careful to note that the answer filed admitted the amount of the tax levied; admitted the *locus in quo;* admitted the amount due on tax sale certificate; and that payment of said sum had been demanded; admitted that default was made in payment of said taxes; admitted that plaintiff is owner of tax sale certificate; and admitted that period of payment of certificate without foreclosure, as provided by statute, has expired—but that it denied that the town of Dunn had any authority to levy and collect said taxes or to sell the property assessed for any purported taxes that had been levied. This denial presents questions of law only.

In *Miller v. Miller,* 89 N. C., 209, it is held: "Only such issues as arise upon the pleadings should be submitted to the jury, and it is the duty of the court to determine what they are."

In *Riley v. Carter,* 165 N. C., 334 (337), it is said: "There being no conflict of testimony, and the facts being virtually admitted, the court could direct a verdict or instruct the jury as it did. *Purifoy v. R. R.,* 108 N. C., 101."

In *Jeffreys v. Ins. Co.,* 202 N. C., 368 (372): "Only issues of fact which arose on the pleadings, and are determinative of the rights of the parties to the action, must be submitted to the jury."

Under the statute, *supra,* "An issue of fact must be tried by a jury." In the present action there is no issue of fact. As said in *Bank v. Stone,* 213 N. C., 598 (602): "The jury only may find controverted issues of fact."

N. C. Code, *supra,* sec. 543, is as follows: "Every material allegation of the complaint not controverted by the answer, and every material

allegation of new matter in the answer, constituting a counterclaim, not controverted by the reply is, for the purposes of the action, taken as true. But the allegation of new matter in the answer, not relating to a counterclaim, or of new matter in reply, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case requires."

The *second* question presented: Do the pleadings raise only questions of law? We think so.

Conceding that the town of Dunn taxes levied on defendants' property were partly used to retire bonded indebtedness or pay interest on same incurred prior to annexation of defendants' land within the corporate limits of the town, as the defendants set forth in answer, did the town of Dunn have legal authority to levy and collect by foreclosure the taxes against the defendants, as alleged in the complaint? We think so.

The corporate limits of the town of Dunn were extended by act of the General Assembly, as appellant admits. (See chapters 82 and 201, Private Laws of North Carolina, 1925.) The legal authority of the town of Dunn to exercise corporate jurisdiction, over territory annexed by Act of General Assembly, is clearly set forth in many cases in this jurisdiction.

In *Lutterloh v. Fayetteville,* 149 N. C., 65 (69), it is said: "We have held, in common with all the courts of this country, that municipal corporations, in the absence of constitutional restrictions, are the creatures of the legislative will, and are subject to its control; the sole object being the common good, and that rests in legislative discretion. *Manly v. Raleigh,* 57 N. C., 370; *Dorsey v. Henderson,* 148 N. C., 423; *Perry v. Commissioners,* 148 N. C., 521. Consequently, it follows that the enlargement of the municipal boundaries by the annexation of new territory, and the consequent extension of their corporate jurisdiction, including that of levying taxes, are legitimate subjects of legislation. In the absence of constitutional restriction the extent to which such legislation shall be enacted, both with respect to the terms and circumstances under which the annexation may be had, and the manner in which it may be made, rests entirely in the discretion of the Legislature. With its wisdom, propriety, or justice, we have naught to do. It has therefore been held that an act of annexation is valid which authorized the annexation of territory without the consent of its inhabitants, to a municipal corporation, having a large unprovided-for indebtedness, for the payment of which the property included within the territory annexed became subject to taxation." *Holmes v. Fayetteville,* 197 N. C., 740; *Penland v. Bryson City,* 199 N. C., 140; *Chimney Rock Co. v. Lake Lure,* 200 N. C., 171; *Highlands v. Hickory,* 202 N. C., 167.

Other matters complained of by defendants as to improvements in the

section, were in the sound discretion of plaintiff, the municipality.   We see no prejudice to defendants in the other matters complained of in defendants' brief.

From a careful reading of the record and briefs, we think the judgment of the court below must be

Affirmed.