WALTER PLEMMER, JR., MARTHA PLEMMER, ASBURY BATCHE-
LOR, ARTHUR REYNOLDS, ROBERT BRIDGERS, E. C. DAIL,
JAMES C. POWELL, LUTHER RUFFIN, JR., CAROLYN POWELL,
MAIZE W. FREEMAN, JOHNNY HOWELL AND MAGGIE PER-
KINS, ON BEHALF OF THEMSELVES AND SUCH OTHER CITIZENS OF
EDGECOMBE COUNTY AS MAY CARE TO JOIN V. W. RAY MATTHEW-
SON, MAYOR, DAVID PITTMAN, DAVID TYSON, ALONZA
WHITEHEAD AND LEONARD JONES, MEMBERS OF THE BOARD OF
COMMISSIONERS OF THE TOWN OF PRINCEVILLE, NORTH CAROLINA AND
THE TOWN OF PRINCEVILLE, A MUNICIPAL CORPORATION OF THE STATE
OF NORTH CAROLINA

No. 106

(Filed 31 July 1972)

1. Appeal and Error § 2— contention not raised below

A contention not raised in the court below may not be raised
for the first time on appeal.

2. Municipal Corporations § 2— enlargement of corporate boundaries —
power of legislature

The General Assembly, by a special act, may constitutionally en-
large the boundaries of a town which it has created, and may also
provide statutory procedures for extending the corporate limits of
a municipality organized and existing under the laws of the State.

3. Municipal Corporations § 2— annexation — special legislative act —
delegation of legislative authority

The General Assembly did not delegate legislative authority in
violation of Art. I, § 6 or Art. II, § 1 of the N. C. Constitution by a
special act delegating to the commissioners of Princeville the discre-
tionary right to decide whether to enlarge the corporate limits as
specified in the act.

4. Municipal Corporations § 2— annexation — special legislative act —
statutory procedures

Where the General Assembly passed a special act authorizing
the commissioners of Princeville to annex a specified area, it was not
necessary for the town commissioners to follow the procedures set
forth in G.S. Ch. 160, Art. 36, Part 1, in order to annex such area,
since the General Assembly did not render itself powerless to extend
corporate limits when it enacted statutory procedures by which munici-
palities may annex territory without a special act of the legislature.

APPEAL by plaintiffs from *Cowper, J.,* 2 November 1971
Session of EDGECOMBE, certified for initial appellate review by
the Supreme Court under G.S. 7A-31(b) upon motion of de-
fendants.

Plaintiffs are residents of an area adjacent to the town
of Princeville which the town seeks to annex. Defendants are
the town's mayor and board of commissioners.

Plemmer v. Matthewson

On 8 July 1971, the General Assembly enacted Chapter 801 of the Session Laws of 1971, entitled "AN ACT TO ENABLE THE COMMISSIONERS OF THE TOWN OF PRINCEVILLE TO ANNEX A CERTAIN AREA SERVED BY THE WATER SYSTEM" (the Act). It authorized the commissioners, by a majority vote within sixty days of 8 July 1971, to extend the corporate limits of the town. Upon such a vote the Act provided that the limits would be as described by metes and bounds therein.

On 29 July 1971, the commissioners adopted a resolution stating their intent to consider the authorized annexation. It also gave notice that a public hearing on the question would be held 9 August 1971 and that final action would be taken 16 August 1971. This resolution, together with the description of the proposed new boundaries of the town, was published in a newspaper of general circulation in Edgecombe County.

Sometime between 29 July and 9 August 1971 plaintiffs filed with the town clerk a petition requesting that the question be submitted to the residents of the area in a referendum called in accordance with G.S. 160-445 to -453. The petition was purportedly signed by more than fifteen percent of the qualified voters of the area being considered for annexation.

At the hearing on August 9th, approximately two hundred residents of the area appeared and voiced their opposition to its annexation. The mayor informed the protestants that a referendum was not a condition precedent to annexation; that the hearing was being conducted only as a courtesy to the citizens; that the only action required was an affirmative vote by a majority of the town commissioners, "which action would be taken by said board on the 16th day of August 1971."

The board of commissioners met on 16 August 1971 and enacted an ordinance entitled, "A VOTE AND ENACTMENT TO EXTEND THE CORPORATE LIMITS OF THE TOWN OF PRINCEVILLE UNDER THE AUTHORITY GRANTED BY CHAPTER 801 OF THE 1971 SESSION LAWS OF THE GENERAL ASSEMBLY OF NORTH CAROLINA" (the Ordinance). It recited that the board had "taken into full consideration the statements presented at the public hearing held on the 9th day of August, 1971," but had concluded that "amendment of the charter and annexation of the area described herein is necessary to the orderly growth and development of the Town of Princeville." As provided in the Act the town charter was declared amended to show the corporate limits

to be those set out therein and to add a fifth ward to the town for the purpose of the election of commissioners. At this meeting the commissioners rejected plaintiffs' request for a referendum.

On 19 August 1971 plaintiffs brought this action to restrain defendants from exercising any governmental control over the area "purportedly annexed" and to have the annexation ordinance declared invalid. They alleged the ordinance is in contravention "of Article 36, Part 1 of G.S. 160-445 *et seq.*," N. C. Const. art. I, § 19, and the Fourteenth Amendment to the Constitution of the United States. On the same day Judge Cowper issued a temporary restraining order enjoining defendants from exercising jurisdiction over the area. Thereafter defendants filed answer in which they admitted defendants' factual allegations and denied their legal conclusions.

Judge Cowper heard the matter and rendered final judgment on 8 November 1971. He found that defendants, in annexing the area, acted in full compliance with Chapter 801 of the 1971 Session Laws of North Carolina and did not purport to follow the procedures specified in Article 36, Chapter 160 of the General Statutes. He concluded as a matter of law that the Act enabled the commissioners to annex the area "solely by its own terms, and without compliance with any provisions of Article 36 of Chapter 160 of the General Statutes." He thereupon dismissed the action at the cost of plaintiffs.

Plaintiffs gave notice of appeal and the restraining order was continued in effect pending the appeal.

*Pearson, Malone, Johnson & Dejarmon for petitioner appellants.*

*M. L. Cromartie, Jr., Ball, Coley & Smith for respondent appellees.*

SHARP, Justice.

Plaintiffs allege—and have contended both in the lower court and on appeal—that the Ordinance is invalid because the board of commissioners did not comply with the annexation procedures specified in N. C. Gen. Stats., Ch. 160, Art. 36, Part 1. Plaintiffs also alleged in their complaint that the enactment of the Ordinance violated the equal protection clauses of the North Carolina and United States Constitutions. The latter

contention does not appear to have been made in the court below, and it is not made in the brief filed in this Court. It is, therefore, deemed abandoned. *Railroad v. Beaufort County*, 224 N.C. 115, 29 S.E. 2d 201 (1944) ; 1 N. C. Index 2d *Appeal and Error* § 45 (1967).

Plaintiffs now contend (1) that the Act violates N. C. Const., art II, § 1, in that it delegates legislative authority without sufficient guidelines, and (2) that "the legislature must have intended that the Commissioners comply with the standards set out . . . in Chapter 160 of the General Statutes of North Carolina" and, since they failed to do so, the Ordinance is invalid.

[1, 2] Since plaintiffs' first contention was not made in the court below it may not be raised for the first time on appeal. *Bland v. City of Wilmington*, 278 N.C. 657, 180 S.E. 2d 813 (1971). However, even if it were properly before this Court, this contention would be without merit. There is no constitutional provision prohibiting the creation of a municipality by an act of the General Assembly, *Chimney Rock Co. v. Lake Lure*, 200 N.C. 171, 156 S.E. 542 (1931). *A fortiori*, by a special act, it may constitutionally enlarge the boundaries of a town which it has created. It may also provide statutory procedures for extending the corporate limits of a municipality organized and existing under the laws of the State. *In re Annexation Ordinances*, 253 N.C. 637, 117 S.E. 2d 795 (1961) ; *Highlands v. Hickory*, 202 N.C. 167, 162 S.E. 471 (1932).

This Court has frequently held that the enlargement of municipal boundaries by the annexation of new territory, resulting in the extension of municipal corporate jurisdiction, is a legitimate subject of legislation. "In the absence of constitutional restriction, the extent to which such Legislation shall be enacted, both with respect to the terms and circumstances under which the annexation may be had, and the manner in which it may be made, rests entirely in the discretion of the Legislature. With its wisdom, propriety or justice we have naught to do. It has, therefore, been held that an act of annexation is valid which authorized the annexation of territory, without the consent of its inhabitants . . . ." *Lutterloh v. Fayetteville*, 149 N.C. 65, 69, 62 S.E. 758, 760 (1908). *Accord, Dunn v. Tew*, 219 N.C. 286, 13 S.E. 2d 536 (1941) ; *Matthews v. Blowing Rock*, 207 N.C. 450, 177 S.E. 429 (1934). *Cf. Cox v. Kinston*, 217 N.C. 391, 8 S.E. 2d 252 (1940).

[3]    In delegating to the town commissioners the discretionary right to decide whether to enlarge the corporate limits as specified in the Act, the General Assembly did not delegate legislative authority in violation of N. C. Const. art. II, § 1, or art. I, § 6. Except for approval by the town's board of commissioners, the Act was complete in every respect at the time of its ratification. The only discretion given the commissioners was to decide whether or not to annex the territory specified in the Act, a determination they were required to make within sixty days. In authorizing the annexation, the General Assembly determined that the annexation was suitable and proper.

In *In re Annexation Ordinances, supra,* this Court upheld the authority of the General Assembly to authorize the governing bodies of municipalities to annex territory upon meeting the requirements of N. C. Gen. Stats., Ch. 160, art. 36, Part 3. The Court made the following statements which are equally applicable here: "The only discretion given to the governing boards of such municipalities is the permissive or discretionary right to use this new method of annexation provided such boards conform to the procedure and meet the requirements set out in the Act as a condition precedent to the right to annex." *Id.* at 647, 117 S.E. 2d at 802.

"The decisions of this Court support the view that ordinary restrictions with respect to the delegation of power to an agency of the State, which exercises no function of government, do not apply to cities, towns, or counties." *Id.* at 649, 117 S.E. 2d at 803-04. *See also Jackson v. Board of Adjustment,* 275 N.C. 155, 162, 166 S.E. 2d 78, 83 (1969).

[4]    Plaintiffs' second contention is, in effect, that Princeville could only annex the area in question by complying with N. C. Gen. Stats., Ch. 160, art. 36, Part 1. (Part 2, which applies to municipalities of less than 5,000, exempts Edgecombe County from its application and provides that Part 1 shall apply to that county. G.S. 160-453.12.) This contention assumes that, by the enactment of statutory procedures by which municipalities may annex territory without a special act of the legislature, the General Assembly rendered itself powerless to extend corporate limits. This contention is untenable. An act of the General Assembly is legal unless the Constitution contains a prohibition against it. *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888 (1961). "[O]ne Legislature cannot restrict or limit by

statute the right of a succeeding Legislature to exercise its constitutional power to legislate in its own way." *State v. Norman,* 237 N.C. 205, 211, 74 S.E. 2d 602, 607 (1953). *Accord, State v. Wall,* 271 N.C. 675, 157 S.E. 2d 363 (1967). Since defendants proceeded under the Act they did not comply with N. C. Gen. Stats., Ch. 160, art. 36, Part 1, nor as Judge Cowper correctly held, were they required to do so.

The judgment of the Superior Court, which dissolved the restraining order and dismissed the action, is

Affirmed.