GEORGE WHEATLEY ARMENTO, ON BEHALF OF HIMSELF AND ALL OTHER RESIDENTS AND PROPERTY OWNERS IN THE HILLENDALE SUBDIVISION, COUNTY OF CUMBERLAND, STATE OF NORTH CAROLINA, SIMILARLY SITUATED AND WALLACE THOMAS PORTER, ON BEHALF OF HIMSELF AND ALL OTHER RESIDENTS AND PROPERTY OWNERS IN THE MORGANTON ROAD AREA, COUNTY OF CUMBERLAND, STATE OF NORTH CAROLINA, SIMILARLY SITUATED v. CITY OF FAYETTEVILLE, NORTH CAROLINA, AND THE CITY COUNCIL OF SAID CITY, SAID COUNCIL CONSISTING OF JACKSON F. LEE, MAYOR AND BETH D. FINCH, HARRY F. SHAW, VARDELL C. GODWIN, MARION C. GEORGE, JR., GLENN W. KELLY, AND MARIE W. BEARD, COUNCIL MEMBERS

No. 7612SC492

(Filed 2 February 1977)

1. **Municipal Corporations § 2— annexation — petition for referendum — petition in opposition to annexation**

    Petitions for referendums on annexation were not petitions "stating that the signers are opposed to annexation" within the meaning of an act prohibiting the annexation of an area in Cumberland County upon such a petition signed by a majority of the registered voters of the area sought to be annexed.

2. **Municipal Corporations § 2— annexation ordinance — passage before end of time for filing petition in opposition**

    Passage of an annexation ordinance before expiration of a 30 day period provided by statute for filing a petition by a majority of the registered voters of the area to be annexed which would prohibit the

annexation did not invalidate the annexation since a proper petition filed within the 30 day period would have nullified the action taken by the city council to annex the area.

APPEAL by plaintiffs from *Bailey, Judge.* Judgment entered 14 January 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 October 1976.

On 24 November 1975 plaintiffs filed separate class actions pursuant to the Declaratory Judgment Act, challenging the proposed annexation of two land areas by defendant city. The action filed by plaintiff Armento sought a declaration that annexation ordinance number 162, which referred to the Hillendale Area where plaintiff Armento is a resident and landowner, was null and void and sought an injunction restraining its operation. The action filed by plaintiff Porter sought the same relief in regard to annexation ordinance number 161, which referred to the Morganton Road Area where plaintiff Porter is a resident and landowner. By consent of the parties with the concurrence of the court, the cases were consolidated for a non-jury trial.

In August 1975 the City of Fayetteville, acting through its city council, began annexation proceedings pursuant to Part 3 of Article 4A of G.S. Ch. 160A to bring the two areas of land within its city limits. The parties stipulated that defendant city is a municipal corporation existing under the laws of the State with a population in excess of 5,000 persons and that the annexation proceedings met the statutory requirements of G.S. 160A-47, 160A-48, and 160A-49. Until 1969, defendant city had no authority to proceed under these statutes. In that year the General Assembly enacted Ch. 1058 of the 1969 Session Laws, applicable only to Cumberland County, which removed this disability. In so doing, the General Assembly added, for Cumberland County only, the following proviso to the annexation authority enunciated by G.S. 160-453.14 (now codified as G.S. 160A-46):

"Provided, that the municipality shall not annex an area if, within 30 days after publication of the notice of intent has been completed, a petition signed by a majority of the registered voters residing in the area to be annexed is filed with the governing body stating that the signers are opposed to annexation. If a petition opposing the intended annexation is not filed within the 30-day period,

then the municipality may proceed with the annexation procedure." Session Laws 1969, c. 1058, s. 2.

The parties further stipulated the following:

The final date of publication of the notice of intent to annex the two areas here in question was 10 October 1975. On 13 October 1975 the respective plaintiffs filed two petitions with the Fayetteville City Council. One petition, entitled "Petition for Referendum" and signed by a majority of the registered voters in the Hillendale area, stated that the undersigned residents " . . . do hereby specifically make seasonal request to the City of Fayetteville for a referendum on the proposed annexation of Hillendale under provisions of Gen. Stats. of North Carolina § 160-446." (By Sec. 74 of Ch. 426 of the 1973 Session Laws, which became effective 10 May 1973, G.S. 160-446 was recodified as G.S. 160A-25.) The other petition, entitled "Annexation Petition" and signed by a majority of registered voters in the Morganton Road area, stated that the undersigned residents " . . . do hereby petition the Council for a referendum on annexation among the residents of the area to be annexed." A spokesman for each area appeared before the City Council at a public hearing conducted by the Fayetteville City Council on 13 October 1975 and voiced strong opposition to the proposed annexations. Spokesmen for the two areas, while making oral statements before the City Council at the 13 October 1975 public hearing, stated that it was their intention for the petitions to be filed in opposition to the annexations.

On 27 October 1975 the Fayetteville City Council passed the annexation ordinances here under attack. The expiration date for filing petitions of objection in the two annexations, pursuant to Sec. 2 of Ch. 1058 of the 1969 Session Laws, was 10 November 1975.

In open court at the trial, the parties stipulated that the signatories to the two petitions, "if present, and permitted to testify, would testify that when they signed the petitions, they believed that their signatures expressed opposition to the annexation of the Hillendale area and the annexation of the Morganton Road area."

The court entered judgment making findings of fact in accord with the above stipulations. On these findings the court concluded as matters of law that the petitions filed by the

plaintiffs "were not petitions of objection in compliance with the provisions of Sec. 2 of Chapter 1058 of the 1969 Session Laws," that a petition of objection under that section would have nullified the action of the City Council, and that the annexation of the two areas prior to the expiration of the 30 day period set forth in that section did not prohibit the plaintiffs from filing a valid petition of objection within the 30 day period. On these findings and conclusions, the court ordered the petitions of the respective plaintiffs dismissed.

*Bradley K. Jones for plaintiff appellants.*

*William E. Clark for defendant appellees.*

PARKER, Judge.

But for the proviso enacted by Sec. 2 of Ch. 1058 of the 1969 Session Laws, defendant City could extend its boundaries without regard to the wishes of the residents in the areas to be annexed. It could accomplish this by following the procedures and complying with the requirements of Part 3 of Article 4A of G.S. Ch. 160A, particularly G.S. 160A-47, 160A-48, and 160A-49. *See In re Annexation Ordinances*, 253 N.C. 637, 117 S.E. 2d 795 (1961). The parties have stipulated that the annexation proceedings here involved complied with the requirements of those statutes.

[1]   The proviso enacted by Sec. 2, Ch. 1058, 1969 Session Laws, applicable only to Cumberland County, gave the residents in each of the areas to be annexed under the proceedings involved in this case power to prevent defendant City from annexing the areas simply by filing a timely petition signed by a majority of the registered voters residing in each area, *"stating that the signers are opposed to annexation."* (Emphasis added.) No such petition was filed. The petitions which were filed asked only for referendums. They contained no statement that the signers were opposed to annexation. The two are not equivalent. To join in a request for a referendum is not to say how one intends to vote, and persons holding divergent views on a public issue may well join together in asking that the matter be submitted to the voters for determination. Moreover, the petitions filed in the present case did not become converted into something which they were not merely because those signing "believed that their signatures expressed opposition." Whatever the signers believed, they failed to sign any petition "stating that

the signers are opposed to annexation." Absent such petition, defendant City could proceed with the annexation and the trial court was correct in so ruling.

In passing, we note that the petitions for referendums which were filed in the present case would have been appropriate under the alternative annexation procedure set forth in what is now codified as G.S. 160A-25 (formerly G.S. 160-446), which statute is included in Part 1, Art. 4A, G.S. Ch. 160A. However, defendants here, as they had a right to do, had already begun proceedings under Part 3, Art. 4A, G.S. Ch. 160A, and they were not required to follow the alternative procedure provided in Part 1. *See Plemmer v. Matthewson,* 281 N.C. 722, 190 S.E. 2d 204 (1972).

[2]   The annexation ordinances were passed on 27 October 1975, which was 14 days prior to the expiration date, 10 November 1975, for filing of petitions "stating that the signers are opposed to annexation." Plaintiffs contend that this action by defendants constituted such an irregularity in the annexation proceedings as to materially prejudice their substantive rights, and they challenge the following conclusion of the trial court:

> "3. The annexation by the defendants of the two areas prior to the expiration of the 30 day period set forth in Sec. 2 of Chapter 1058 did not prohibit the plaintiffs from filing a valid petition of objection within the 30 day period."

Passage of the annexation ordinances before expiration of the 30 day period provided by the statute could not result in shortening that period, and the trial court was correct in so concluding. When the ordinances were passed, plaintiffs still had 14 days remaining in which to file proper petitions stating their opposition. This, if done, would have had the effect of nullifying the city council's action. The burden is on the plaintiffs to prove that they were prejudiced by the early passage of the ordinances. *Dunn and Brown and DeGroot v. City of Charlotte,* 284 N.C. 542, 201 S.E. 2d 873 (1974). Plaintiffs have failed to carry this burden. The ordinances did not become effective in any event until 1 January 1976.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.