County of Brunswick v. Town of Bolivia

COUNTY OF BRUNSWICK, NORTH CAROLINA v. TOWN OF BOLIVIA, NORTH CAROLINA

No. 8113SC650

(Filed 6 April 1982)

**Municipal Corporations § 2.1— annexation—no petition signed by owners of area to be annexed**

The trial court properly ordered and declared the annexation by defendant of property owned by plaintiff illegal, null and void since pursuant to G.S. 160A-58.1, the annexation must have been initiated by a petition signed by all the owners of real property in the area sought to be annexed, and, as the proposed annexed area was solely owned by Brunswick County, a petition signed by residents within and without the Town of Bolivia was not sufficient.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 26 May 1981 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 1 March 1982.

Defendant appeals from a declaratory judgment that its annexation of non-contiguous property pursuant to G.S. 160A-58.1 is null and void because of an invalid petition.

The parties have stipulated to the following facts. Plaintiff is a political subdivision of the government of the State of North Carolina. Defendant is a municipal corporation in Brunswick County. In a 1975 referendum, voters of Brunswick County approved the removal of the county seat from Southport, North Carolina, to an unincorporated location in the geographical center of Brunswick County. Pursuant to that referendum, the county seat was moved to the new Brunswick County Governmental Center in 1978.

On 17 September 1980, there was a hearing in the Town Hall of the Town of Bolivia to consider a petition for the annexation of the 38.5 acre tract upon which the Brunswick County Governmental Center is located. The petition had been signed by various residents within and without the Town of Bolivia. It had not been signed by any member of the Governing Board of Brunswick County or by all of the citizens and taxpayers of Brunswick County.

As a result of the hearing, the Town Council voted to annex the property upon which the county governmental center is located.

Plaintiff brought an action for a declaratory judgment that the annexation was illegal. The court concluded that the petition circulated pursuant to G.S. 160A-58.1 was invalid because it was not signed by all the owners of the real property described in the area sought to be annexed. The court ordered and declared that the annexation was illegal, null and void.

*John R. Hughes, for plaintiff appellee.*

*Algernon L. Butler, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant argues that the petition to annex property upon which the Brunswick County Governmental Center is located meets the requirements of G.S. 160A-58.1. We disagree.

The extension of the boundaries of a town or city is a legislative function. *Plemmer v. Matthewson,* 281 N.C. 722, 190 S.E. 2d 204 (1972). A municipal corporation has no power to extend its boundaries by annexation other than that delegated to it by legislative enactment or constitutional provision. *In re Annexation Ordinance,* 296 N.C. 1, 249 S.E. 2d 698 (1978); 2 E. McQuillin, The Law of Municipal Corporations § 7.13 (3rd ed. 1979).

North Carolina allows a city to annex a non-contiguous area pursuant to G.S. 160A-58.1. According to that statute, the annexation must be initiated by a petition signed by all the owners of real property in the area sought to be annexed. Excepted from signing are owners of real property that is wholly exempt from property taxation under the Constitution and laws of North Carolina.

When the power to annex territory is delegated to a municipal corporation, it must be exercised in strict accord with the conferring statute. *In. re Annexation Ordinance,* 296 N.C. at 17, 249 S.E. 2d at 707. The present petition was signed by residents within and without the Town of Bolivia. None of them, however, were property owners of the area sought to be annexed. Nothing in G.S. 160A-58.1 requires or authorizes the signatures of non-property owners. The court, therefore, properly excluded consideration of the fifty-nine signatures on the petition.

The sole property owner of the proposed annexed area was Brunswick County. Defendant correctly points out that the Coun-

ty was not required to sign the petition because it is a tax-exempt property owner. There was, however, no one else authorized to seek annexation. The court properly declared the annexation illegal, null, and void.

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.