## SNEAD v. FOXX

[95 N.C. App. 723 (1989)]

MARTHA SUE SNEAD v. ANGELIA MARIE FOXX AND JAMES EDWARD PAYNE

No. 8818SC1345

(Filed 3 October 1989)

**Rules of Civil Procedure § 4.1— service of process by publication— no obligation to mail to address where party does not reside**

Under N.C.G.S. 1A-1, Rule 4(j1) there no longer exists an obligation to mail a copy of the "notice of service of process by publication" to an address where the party sought to be served no longer resides.

APPEAL by plaintiff from *Mills (F. Fetzer), Judge*. Order entered 17 June 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 June 1989.

*Joel N. Oakley for plaintiff-appellant.*

*Henson Henson Bayliss & Teague, by Perry C. Henson and Lisa M. Pendergrass, for defendant-appellee Foxx.*

GREENE, Judge.

The plaintiff appeals from an order entered by the trial court dismissing its claim against defendant Angelia Marie Foxx.

In this civil action, the plaintiff filed a complaint against defendant James Edward Payne, the owner of the vehicle, and defendant Angelia Marie Foxx, the driver of the vehicle. Defendant Payne was personally served with a copy of the summons and complaint and defendant Foxx was served by publication. The claim arises out of an automobile collision which occurred on 16 July 1984. The complaint was filed on 16 June 1987, and civil summonses were issued against both defendants on that date. Defendant Payne was served on 18 June 1987, and defendant Foxx's summons was returned with the sheriff's endorsement that someone else had lived at the address shown on the summons of 2610 Phillips Avenue, Greensboro, North Carolina for over a year, and that person did not know the defendant Foxx. Notice of service of process by publication was first published in the Greensboro News and Record on 16 September 1987. On 12 November 1987, the attorney for the plaintiff filed the following affidavit:

JOEL N. OAKLEY, being duly sworn, deposes and says:

1. Plaintiff issued a summons and complaint to be served on defendant, Angelia Marie Foxx on June 16, 1987 at approximately 4:05 P.M.

2. An agent of the Sheriff of Guilford County attempted service on the defendant at 2610 Phillips Avenue, Greensboro, North Carolina.

3. The service was returned, stating that the defendant did not live there, that she has not been there in over a year, and that the residents did not know the defendant.

4. 2610 Phillips Avenue is the last address of the defendant of which the plaintiff has knowledge.

5. 2610 Phillips Avenue is still listed by the North Carolina Department of Motor Vehicles as the defendant's address.

6. That the defendant was allegedly a college student at the time of the accident, July 16, 1984.

7. The undersigned attorney has inquired as to the defendant's location but has not been able to receive any information.

8. The codefendant's attorney has stated his client has no knowledge of the defendant's whereabouts.

10. [sic] Therefore, plaintiff has attempted service by publication by placing an ad in the Greensboro Daily News, which is published in areas where the accident happened and where the defendant's address is located by the Department of Motor Vehicles.

On 1 December 1987, defendant Foxx answered the complaint and alleged as a defense that:

. . . the affidavit of the plaintiff's attorney shows on its face that Rule 4, Rules of Civil Procedure, was not complied with, and there has been a discontinuance of the action as to the defendant Angelia Marie Foxx and the defendant Angelia Marie Foxx pleads the failure of the plaintiff to comply with the provisions of Rule 4, Rules of Civil Procedure, the provisions of G.S. Sec. 1-597 and G.S. Sec. 1-598 and failure to comply with the provisions of G.S. Sec. 1-75.10(2), and the defendant Angelia Marie Foxx pleads the three year statute

## SNEAD v. FOXX

[95 N.C. App. 723 (1989)]

of limitations in bar of any recovery by the plaintiff in this action.

Defendant Foxx's plea in bar came on for hearing before the trial court on 22 June 1988, and the trial court entered an order which in pertinent part reads as follows:

> it appearing to the court from the affidavit of counsel that the last known address of the defendant Angelia Marie Foxx was 2610 Phillips Avenue, Greensboro, North Carolina 27405, and the Court being of the opinion that the plaintiff did not comply with Rule 4(j), Rules of Civil Procedure, or G.S. Sec. 1-75.10(2) and failed to mail the defendant Angelia Marie Foxx notice of service of process by publication or of mailing to the defendant a copy of the summons and the complaint and the Court being of the opinion that service of process on the defendant by publication was deficient and that there has been a discontinuance of this action and that the action against the Defendant Angela [sic] Marie Foxx is barred by the three-year statute of limitation.

> NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED . . . that the motion of the defendant Angelia Marie Foxx for the entry of an order that there has been a discontinuance of this action shall be and the same is hereby allowed; and it is further ordered that the action against Angelia Marie Foxx is barred by the three-year statute of limitations and the action against Angelia Marie Foxx shall be and the same is hereby dismissed.

---

The only issue presented by this appeal is whether plaintiff's affidavit of publication sufficiently complies with N.C.G.S. Sec. 1A-1, Rule 4(j1) (1983).

## I

Rule 4(j1) provides in pertinent part:

> A party that cannot with due diligence be served by personal delivery or registered or certified mail may be served by publication . . . . If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by pub-

SNEAD v. FOXX

[95 N.C. App. 723 (1989)]

lication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. Upon completion of such service there should be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(2), the circumstance warranting the use of service by publication, and information, if any, regarding the location of the party served.

N.C.G.S. Sec. 1A-1, Rule 4(j1) (1983). N.C.G.S. Sec. 1-75.10 (1983) provides in pertinent part:

Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows: . . .

2. Service of Publication.—In the case of publication, by the affidavit of the publisher or printer, or his foreman, or principal clerk, showing the same and specifying the date of the first and last publication, and an affidavit of mailing of a copy of the complaint or notice, as the case may require made by the person who mailed the same.

The defendant argues the failure of the plaintiff to mail a copy of the "notice of service of process by publication" to the last known address of the defendant is fatal to the plaintiff's service by publication. We disagree.

N.C.G.S. Sec. 1-98.4(b) repealed by 1971 N.C. Sess. Laws, ch. 1093, Sec. 19, provided in pertinent part:

(b) Where [service of process by publication] is to be had upon a natural person, the verified pleading or affidavit must state:

(1) The name and residence of such person, or if they are unknown, that diligent search and inquiry have been made to discover such name and residence, and that they are set forth as particularly as it is known to the applicant . . . .

N.C.G.S. Sec. 1-99.2(c), repealed by 1971 N.C. Sess. Laws, ch. 1093, Sec. 19, provided in pertinent part:

The clerk shall mail a copy of the notice of service of process by publication to each party whose name and residence . . . appear in the verified pleading or affidavit. . . . Such copies shall be sent via ordinary mail, addressed to each

SNEAD v. FOXX

[95 N.C. App. 723 (1989)]

party at the address of such party's residence . . . as set forth in the verified complaint or affidavit. . . .

Sections 1-98.4 and 98.2(c) were construed by our Supreme Court to require the mailing of the "notice of service by publication" to the defendant's "last known address." *Harrison v. Hanvey*, 265 N.C. 243, 255, 143 S.E.2d 593, 602 (1965).

The question now presented is whether Rule 4 which requires mailing of a "copy of the notice of service of process by publication" to the "party's post-office address" requires the mailing of the notice to the last known address of the defendant. In adopting Rule 4(j1), the General Assembly deleted the requirement of Section 98.2 that the "residence" of the person sought to be served by publication be set forth in the affidavit "as particularly as is known" to the attorney requesting the service by publication. Furthermore, the adoption of Rule 4(j1) and the repeal of Section 98.4 omitted the requirement that the clerk mail a copy of the notice "to each party whose name and residence or place of business appear in the verified pleading or affidavit."

Rule 4 requires the attorney seeking service by publication to mail a copy of the notice of service of process by publication to the party which is the subject of service by publication if "the party's post-office address is known or can with reasonable diligence be ascertained." Here, the plaintiff's attorney's affidavit avers, without dispute, that defendant's last known address was 2610 Phillips Avenue, Greensboro, North Carolina 27405, and that defendant did not live there and had not lived there in over a year. While the defendant questioned the sufficiency of the evidence in the affidavit, the defendant offered no evidence. Therefore, based on the only evidence before the court, the affidavit, there is no evidence plaintiff's attorney knew of defendant's "post-office address," and the affidavit reveals that plaintiff's attorney made a reasonably diligent effort, without success, to discover defendant's address.

Arguably, the goal of notifying a defendant of a pending suit would be well served by requiring that a plaintiff mail copies of the summons and notice by publication to the defendant's last known address or to any other address where the defendant might reasonably be found or from which the notice might reasonably be forwarded to the defendant. "As every practicing attorney and law enforcement officer knows, there are among certain classes

those persons who would feel an obligation to forward or deliver a letter to one being sought, but who would feel obliged to give a lawyer or a deputy sheriff no information whatever as to the whereabouts of the one sought." *Harrison*, 265 N.C. at 255-56, 143 S.E.2d at 602. However, here we are constrained by the language of Rule 4(j1). We determine that under Rule 4(j1) there no longer exists an obligation to mail a copy of the "notice of service of process by publication" to an address where the party sought to be served no longer resides. Accordingly, the trial court erred in dismissing the complaint against defendant Foxx.

## II

The defendant additionally argues the order of dismissal is correct because the action was "discontinued prior to the time the plaintiff-appellant attempted to serve defendant Foxx by publication." Specifically, the defendant argues the plaintiff's failure to secure an endorsement or to obtain an alias or pluries summons within ninety days after the issuance of the original summons, caused the action to discontinue. N.C.G.S. Sec. 1A-1, Rule 4(e) (1983). We do not address this argument as the record does not show the issue was raised in the trial court. *Plemmer v. Matthewson*, 281 N.C. 722, 725, 190 S.E.2d 204, 206 (1972). The answer of the defendant and the order of the trial judge both indicate that the basis of the motion to dismiss, and the order to dismiss, was a failure of the plaintiff's attorney to comply with Rule 4(j1) and consequent failure to mail to defendant a copy of the notice of service of process by publication. Further, the record does not reflect any oral argument made by the defendant in support of her motion to dismiss.

Reversed.

Judges JOHNSON and COZORT concur.