Jones v. Jeanette

GRANT JONES, JAMES OLLISON, TROY D. POTTER, BERTHA J. POTTER, IVA M. JONES, OWEN A. LUPTON, IRIS M. LUPTON, PETER LOZICA, LOLA LOZICA, MATHEW D. SALTER, ROSA SALTER, BRYAN JONES, JOHNNY W. LEARY, SAMMIE V. LEARY, ALFRED D. JONES, LOIS JONES, MURIEL JONES, RUDOLPH JONES, WILBUR SMITH, GLADYS SMITH, E. V. RIGGS, DORIS RIGGS, A. M. LOVELL, SARAH LOVELL, MARGARET WALL, L. WALL, HERMAN TURNAGE, JEAN TURNAGE, PONCE HAM, MARY ELLEN HAM, JAMES B. STOCKS, BELA KELLUM, NEVA L. MAYO, E. R. MAYO, JOHN PYE, CHERYL P. PYE, JOHN T. MAYO, MARLENE LOZICA, ADA M. LEARY, MORTIMER S. LEARY, TROY POTTER, JR., VIOLET M. POTTER, PETER A. LOZICA, ANN J. LOZICA, ROGER VOLIVA, SALLY VOLIVA, MARION M. JONES, STANLEY STYRON, JR., SHARON J. STYRON, M. E. SALTER, MARTHA SALTER, JIMMY B. JONES, SHERRY S. JONES, GEORGE B. JONES, PEGGY D. JONES, BOBBY BRINKLEY, POLLY BRINKLEY, RICHARD E. FLOWERS, ROSE G. FLOWERS, F. A. FLOWERS, MARJORIE E. FLOWERS, JOHN DUNN, EVELON DUNN, JESSIE VOLIVA, JOHN PAUL JONES, JAMES E. WHITE, JR., JO ANN WHITE, J. B. VINCENT, GLADYS VINCENT, J. C. MOORE, LUCILLE H. MOORE, HARVEY E. JONES, PATRICIA JONES, ROBERT EDGERTON, GRACE EDGERTON, BRENDA P. HARRIS, WILLIAM B. HARRIS, FAE WHEALTON, MARILYN R. WHEALTON, LILLIAN WHEALTON, H. ARLINE CARAWAN, MELISSA C. RESPESS, ALICE MAYO, LILLIAN CAHOON WHEALTON, BENARD MALLON, SALLY MALLON, ALBERT McKINNEY, EDNA McKINNEY, KITTY C. WHORTON, ABBOTT MORRIS, MILDRED MORRIS, S. R. CARAWAN, MRS. S. R. CARAWAN, JAMES OLLISON, MALINDA OLLISON, ANDREW MORRIS, MARGARET R. MORRIS, DAL F. IPOCK, FRENCIN E. IPOCK, WILL IPOCK, DELORES J. IPOCK, NANCY J. CARAWAY, CLAUD W. CARAWAY, SR., BRUCE B. CARAWAN, F. E. CAHOON, LALA C. SADLER, W. R. KING, LUDIE B. KING, JESSE BOOTH, FRANCES BOOTH, EDGAR A. DOANE, JR., IRENE J. DOANE, REUBEN L. WILSON, CLYDE L. SMITH, MARY B. SMITH, ROY C. SMITH, IVY MORRIS, JOE MORRIS, GEORGE McGLONE, SADIE McGLONE, CELIA PERRY, HAZEL MASON, JOE BROWN JONES, DONALD H. McMILLEN, ELLEAN McMILLEN, GARY H. MAYO, RHONDA J. MAYO, HOMER CREDLE, ELNORA CREDLE, WILLIAM E. CAVENDISH, LOU J. CAVENDISH v. ELWARD JEANETTE, MAYOR, H. L. HENRIES, HOLON GIBBS, EDWARD EARL CREDLE, WARREN CREDLE, JULIUS OLLISON, COMMISSIONERS OF THE TOWN OF MESIC, C. L. OLLISON, TAX COLLECTOR OF THE TOWN OF MESIC, A MUNICIPAL CORPORATION OF THE STATE OF NORTH CAROLINA, AND THE TOWN OF MESIC, A MUNICIPAL CORPORATION OF NORTH CAROLINA

No. 773SC52

(Filed 7 December 1977)

**1. Municipal Corporations §§ 1.1, 2.2— incorporation and annexation—inclusion of unsuitable land**

       Acts of the General Assembly incorporating a town and annexing additional territory into the town were not invalid on the ground that a large

Jones v. Jeanette

amount of unsuitable land was included within the boundaries of the town and those lands were subjected to taxation without any benefit or possibility of benefit.

2. **Municipal Corporations § 1.1 — incorporation and annexation—notice and hearing**

Acts of the General Assembly incorporating a town and annexing additional territory into the town were not invalid because residents of the town were not given sufficient notice of the proposed town boundaries and an opportunity to be heard before the acts were passed, since notice and an opportunity to be heard are not prerequisites to valid acts by the General Assembly.

3. **Municipal Corporations § 1.1 — incorporation of town—request by residents**

The trial court's finding that residents of the community of Mesic had requested the incorporation of the town of Mesic was supported by evidence that residents of the community signed a petition and corresponded with their representative in the General Assembly requesting the incorporation.

4. **Municipal Corporations § 39 — ad valorem taxes—failure to comply with statutes—injunction**

The trial court properly found that failure of officials of a newly incorporated town to comply with statutory requirements relating to the listing and appraisal of property for ad valorem taxation and the collection of such taxes did not render the tax levy invalid, and the court properly enjoined the town officials from collection of the ad valorem taxes until they comply with the statutory requirements.

5. **Municipal Corporations § 39 — town commissioners from one area—taxation without representation**

An allegation that commissioners of a newly incorporated town were "from one small area, the populated area" of the town did not state a good cause of action for taxation of plaintiffs without representation.

6. **Municipal Corporations §§ 1.1, 2.6 — incorporation and annexation—no taking without compensation**

The incorporation and annexation of property without rendering services to the property did not constitute a taking of the property for a public purpose without just compensation.

APPEAL by plaintiffs from *McKinnon, Judge.* Judgment rendered 23 July 1976, filed 27 September 1976, in Superior Court, PAMLICO County. Heard in the Court of Appeals 25 October 1977.

In their complaint plaintiffs, residents and property owners in the newly incorporated town of Mesic, North Carolina, allege six claims for relief against defendants, who are the town commissioners, the tax collector and the mayor and other officers of Mesic. The alleged claims are summarized as follows:

Jones v. Jeanette

(1) The incorporation of Mesic pursuant to legislative enactment in 1971 and the subsequent annexation of additional acreage in 1974 were unconstitutional in that the boundaries of the town are unreasonable and have resulted in unfair and unconstitutional taxation which certain plaintiffs have refused to pay, causing defendants to schedule a sale of their property for back taxes, which sale will be unconstitutional and should be enjoined.

(2) The incorporation of Mesic is void because residents were not informed of the proposed boundaries when the petition for incorporation was circulated and signed by them and no notice of public hearings was posted.

(3) Defendants have failed to properly perform their duties as officers of the town, including failure to keep accurate minutes; to hold meetings at scheduled times; to adopt or publish a budget; to have its accounts audited; to have a corporate seal; to properly annex additional territory in 1974 in that no public notice was given and the land annexed is totally uninhabited and rural; failure to provide services to areas taxed; and failure to properly assess ad valorem taxes. Defendants should be enjoined from further exercising any powers of the municipality.

(4) Defendants are from one small area of Mesic, leaving the majority of the property owners without representation.

(5) Plaintiffs are entitled to $10,000,000 in damages as a result of the taking of their property for public use without compensation.

(6) Plaintiffs are entitled to $1,000,000 compensatory and $1,000,000 punitive damages as a result of defendants' misconduct in office.

In their answer defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted; moved to strike certain allegations in various claims for relief as impertinent, irrelevant and stating conclusions of law; pleaded sovereign immunity; and counterclaimed for damages as a result of plaintiffs' institution of the action.

Jury trial was waived. Before hearing evidence the court heard the various motions to dismiss and to strike portions of the pleadings. Following the hearing the court temporarily enjoined the tax sale, dismissed plaintiffs' second, fourth and fifth claims

for relief for failure to state a claim upon which relief could be granted, and struck certain paragraphs from the third and sixth claims for relief.

Plaintiffs presented evidence which tended to show:

In 1971 certain residents of the community of Mesic in Pamlico County decided that it would be beneficial to incorporate in order to receive federal revenue sharing funds. A petition was circulated among the residents and signed by most of them. The petition did not state what the boundaries of the incorporated town would be.

The petition was forwarded to a person representing Pamlico County in the General Assembly; thereafter the town was duly incorporated by legislative act in 1971 after officers had been chosen at a town meeting attended by 30 to 40 persons. The officers took oaths of office.

No one recalls how boundaries were determined, but they generally included all of the area known as Mesic at the time the incorporation was requested. The original incorporation included approximately 4800 acres; in 1974 an additional 707.3 acres were annexed by legislative act in order to "straighten up" the boundaries so that they would run with property lines instead of cutting across them. The majority of the land annexed was woodlands and marshlands but the property was not annexed merely to increase the tax base.

The annexation was accomplished by circulation of a petition to the property owners involved, discussion of it at three or four town meetings, adoption of a resolution by the town board and enactment and ratification of "An Act to Annex Territory to the Town of Mesic" by the General Assembly in March 1974.

Mesic began receiving revenue sharing funds in 1972 but the funds were cut off in 1973 because Mesic was not contributing any tax money for its operation. Mesic then levied an ad valorem tax of ten cents per $100 in value, the lowest levy permitted by law in order to qualify for federal funds. The authority to tax, and the tax rate, were adopted by the town board at a regular meeting in June 1974.

The board held regular meetings on the first Thursday of each month at 7:00 p.m. The tax roll and valuations were deter-

mined by having the town clerk examine the county listings. Tax notices were sent to property owners beginning in 1974. Several people who owned property in Mesic never received tax notices while others received notices showing incorrect valuations. Mesic's first budget was adopted for the year 1974-75. Prior to that year the town had very little revenue and few expenditures. It also had an audit in 1975 upon being advised by the government that an annual audit was necessary.

Since 1974 Mesic has expended federal funds and ad valorem taxes to provide garbage collection and streetlights to populated areas. Federal funds have also been expended to purchase a lot upon which the construction of a town hall is planned. None of the services extends to the area annexed in 1974.

Minutes were taken of all town board meetings although some of the minutes have been lost. The minutes do not reflect how individual commissioners voted on resolutions but most were adopted unanimously. The minutes do not reflect that newly elected officers took oaths of office.

Prior to 10 June 1976 the notice of sale of tax liens was published in a newspaper and on said date the town board adopted a resolution authorizing the sale.

All testimony with respect to notice plaintiffs received prior to the incorporation and annexation was excluded.

Defendants tendered the temporary injunction issued against the tax sale and rested. Plaintiffs then moved to dismiss defendants' counterclaim, and the motion was allowed.

Following the trial the court announced its ruling on the various questions arising on the pleadings and evidence. The parties stipulated that written judgment might be entered by the trial judge after the session had expired and while he was outside of the county.

The court entered judgment finding and concluding:

(1) As to the first claim for relief, that the incorporation of and annexation of territory to Mesic were valid acts of the General Assembly, that plaintiffs had failed to show any violation of the constitution with respect thereto and that the claim should be dismissed pursuant to Rule 41(b).

(2) As to the third claim for relief, that although there have been numerous deficiencies in the following of proper procedures by defendants in the maintaining and keeping of records, they were not willful but were done through ignorance and are not such as to require that defendants be enjoined from exercising any of the powers of a municipality; that it was not shown that there was a sufficient failure to comply with legal requirements to cause the levy of the ad valorem tax to be invalid, but that defendants' failure to comply with Chapter 105, Subchapter II relating to the listing, appraisal and assessment of property and collection of taxes was such that defendants should be enjoined from enforcing collection of the ad valorem taxes until those provisions are complied with.

(3) And as to the sixth claim for relief, that it has not been shown that defendants acted willfully, breached their fiduciary duty or caused harm to plaintiffs, and the claim should be denied.

Plaintiffs appealed.

*McCotter & Mayo, by Charles K. McCotter, Jr., for plaintiff appellants.*

*James E. Ragan III and Robert G. Bowers for defendant appellees.*

BRITT, Judge.

While plaintiffs attempt to bring forward and argue in their brief 31 assignments of error, we will discuss only those that we consider dispositive of the appeal.

[1] With respect to their first claim for relief, plaintiffs contend the trial court erred in finding and concluding that the acts incorporating and annexing territory into Mesic were valid actions of the General Assembly. They argue that the inclusion of a large amount of unsuitable land within the boundaries of the town, and subjecting those lands to taxation without any benefit or possibility of benefit, was an unconstitutional exercise of legislative power. We find no merit in this contention.

Article VII, Section 1, of our State Constitution authorizes the General Assembly to provide for the organization, government and "fixing of boundaries" of counties, cities and towns, and, ". . . except as otherwise prohibited by this Constitution, may

give such powers and duties to counties, cities and towns, and other governmental subdivisions as it may deem advisable."

Ordinarily, the courts have no authority to inquire into the motives of the Legislature in the incorporation of political subdivisions. *See Tobacco Co. v. Maxwell, Commissioner*, 214 N.C. 367, 199 S.E. 405 (1938). In *Starmount Co. v. Ohio Savings Bank and Trust Co.*, 55 F. 2d 649 (4th Cir. 1932), the court held that the setting up of a municipal corporation by the General Assembly at any place, under the section of the constitution above referred to, is left to legislative discretion. The fixing of boundaries of municipal corporations is a permissible legislative function. *Hunter v. Pittsburgh*, 207 U.S. 161, 52 L.Ed. 151, 28 S.Ct. 40 (1907); *Clark v. Kansas City*, 176 U.S. 114, 44 L.Ed. 392, 20 S.Ct. 284 (1900).

We hold that the trial court did not err in finding and concluding that the acts incorporating and annexing territory into Mesic were valid actions of the General Assembly.

[2] Plaintiffs contend the court erred in dismissing their second claim for relief because the allegation that insufficient notice of the proposed incorporation and annexation was given did state a claim upon which relief could be granted since notice and an opportunity to be heard are prerequisite to the validity of legislative actions. We find no merit in this contention.

Plaintiffs cite no authority, and our research discloses none, for their argument that every citizen affected by a proposed act of the Legislature is entitled to notice and an opportunity to be heard before the proposal can be lawfully enacted. Under our system of representative government the citizens of North Carolina are represented in the General Assembly by elected senators and representatives. It is incumbent on them to represent the interests of their various constituents.

The numerous cases cited by plaintiffs relating to notice required in the adoption or changing of zoning regulations, changing utility rates, condemning property, etc., are inapposite as those matters are controlled by statutes which require notice to affected persons.

It is true that the General Assembly has provided a statutory method for extending the boundaries of cities and

towns, G.S. 160A-24 et seq., but the Assembly has not surrendered its authority to alter their boundaries. G.S. 160A-21 provides: "The boundaries of each city shall be those specified in its charter with any alterations that are made from time to time in the manner provided by law or by local act of the General Assembly."

We hold that the trial court did not err in dismissing the second claim for relief.

[3] With respect to their third claim for relief, plaintiffs contend the court erred in finding that the residents of the community of Mesic had requested the incorporation of the town. They argue that this finding was not supported by the evidence. We disagree. There was abundant evidence showing that residents of the community signed a petition and corresponded with their representative in the Legislature requesting the incorporation. Being supported by competent evidence, the court's findings of fact are conclusive. 1 Strong's N.C. Index 3d, Appeal and Error § 57.2.

[4] Also with respect to their third claim for relief, plaintiffs contend that in view of the evidence showing defendants' failure to comply with statutory requirements relating to listing and appraisal of property and collection of taxes, the court erred in concluding that the ad valorem tax levy was valid. We reject this contention and agree with the trial judge that the violations referred to by plaintiffs do not affect the validity of the levy, and approve the action taken by the court to correct the violation.

[5] Plaintiffs contend the trial court erred in dismissing their fourth claim for relief. They argue that they allege a good cause of action "for taxation of plaintiffs without representation". We find no merit in this contention. Plaintiffs do not allege that defendants were improperly elected or chosen, only that the town commissioners were "from one small area, the populated area" of the town.

[6] Plaintiffs contend the trial court erred in dismissing their fifth claim for relief seeking compensation for the taking of their property through incorporation and annexation without just compensation in that no benefits were rendered to the property as a result of said incorporation and annexation. We find plaintiffs' argument in support of this contention unpersuasive.

While the State and its subdivisions have the power to take private property upon the payment of just compensation, there must be a *taking* for a *public purpose*. 5 Strong's N.C. Index 3d, Eminent Domain § 1. Assuming, *arguendo*, that plaintiffs alleged a taking of their property, they did not allege that it was taken for a public purpose.

With respect to their sixth claim for relief, plaintiffs contend that the court's finding that defendants had not acted willfully, maliciously or in breach of their fiduciary duties is not supported by the evidence. We disagree with this contention and conclude that there was more than ample evidence to support the finding.

We have considered the other contentions argued in defendants' brief but conclude that they too have no merit.

The judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.