**BETHANIA TOWN LOT COMMITTEE v. CITY OF WINSTON-SALEM**

[126 N.C. App. 783 (1997)]

BETHANIA TOWN LOT COMMITTEE, JOHN E. COLLINS, OTIS SELLERS, HUBERT LASH, ERICSTEEN J. LASH, DIONNE BREWER KOGER JENKINS, JOSEPH C. JONES, JR., J. C. COVINGTON, BEULAH G. MILLER, CLARENCE G. HAUSER, JULIUS WALKER, TODD JORGENSEN, STEPHEN D. PETREE, HANES G. CARTER, VICKI F. CARTER, WALTER HUNTER, CHAPPELL HUNTER, BEVERLY L. HAMEL AND WILLIAM M. COBB, JR., PLAINTIFF-APPELLEES v. CITY OF WINSTON-SALEM, SETH B. BROWN, DEBORAH THOMPSON, B. A. BYRD, G. WAYNE PURGASON AND WILLA LASH, DEFENDANT-APPELLANTS

No. COA96-1083

(Filed 15 July 1997)

**1. Municipal Corporations § 18 (NCI4th)— Town of Bethania—1995 Act—not unconstitutional local act**

The 1995 "Act to Revive the Charter of the Town of Bethania" does not violate Art. II, § 24(1)(h) of the N.C. Constitution, which prohibits local acts changing township lines, because the Town of Bethania is a town and not a township within the purview of the constitutional provision, and the legislature retained plenary authority under Art. VII of the N.C. Constitution to alter the charter for the Town of Bethania by decreasing its corporate boundaries.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 39 et seq.**

**2. Municipal Corporations § 18 (NCI4th)— Town of Bethania—act reducing area—implied repeal of prior act**

Assuming the corporate limits of the Town of Bethania containing 2500 acres were established by map pursuant to an 1838 Act, the General Assembly intended the 1995 "Act to Revive the Charter of the Town of Bethania" to decrease the corporate boundaries to 400 acres, and the two acts are patently irreconcilable so that the 1995 Act impliedly repeals the 1838 Act even though it does not contain express repealing language. Therefore, the 1995 Act is not a legal nullity on the ground that it could not revive a charter that had never been repealed.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 39 et seq.**

**3. Municipal Corporations § 128 (NCI4th)— proposed annexation—additional challenges—time-barred**

Plaintiffs are time-barred from asserting further challenges to a proposed annexation where the Act permitting the annexation

was found to be constitutional and the record failed to disclose plaintiffs filed any additional challenges within the requisite thirty-day period.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 63.**

Appeal by defendants from order entered 11 June 1996 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 13 May 1997.

*Kennedy, Kennedy, Kennedy, and Kennedy, L.L.P., by Annie Brown Kennedy, Harold L. Kennedy, III, Harvey L. Kennedy, and Harold L. Kennedy, Jr., for plaintiff-appellees.*

*Womble, Carlyle, Sandridge, & Rice, P.L.L.C., by Roddey M. Ligon, Jr., and Winston-Salem City Attorney, Ronald G. Seeber, for defendant-appellants.*

MARTIN, Mark D., Judge.

Defendants appeal from order of the trial court concluding, as a matter of law, that "Chapter 74 of the 1995 Session Laws (First Session, 1995) entitled an 'Act to Revive the Charter of the Town of Bethania' is unconstitutional on its face" and determining that the City of Winston-Salem should be permanently enjoined from annexing any part of the Town of Bethania.

The factual underpinnings of the instant action predate the 1995 Act by over two hundred years. Plaintiffs allege the boundaries for the Town of Bethania were settled by a map prepared by C. G. Reuter in 1771 (Reuter map). The Reuter map indicates the "Bethany Town Lot" encompasses approximately 2500 acres. In 1838 the North Carolina General Assembly enacted a bill entitled "A Bill to Appoint Commissioners for the Town of Bethania in the County of Stokes" (1838 Act). The 1838 Act neither references the Reuter map nor otherwise establishes the corporate boundaries for the Town of Bethania. The 1838 Act does, however, expressly provide "the inhabitants of said town shall in full town meeting approve of this act of incorporation." The present record is devoid of any evidence that the 1838 Act was approved by a full town meeting.

In 1995 the General Assembly ratified Chapter 74 of the 1995 Session Laws entitled an "Act to Revive the Charter of the Town of Bethania" (1995 Act). The 1995 Act delineates an area of approxi-

mately 400 acres as the corporate limits of the Town of Bethania—as compared to the 2500 acres denoted by the Reuter map. The City of Winston-Salem, by ordinance, subsequently attempted to annex property outside the corporate limits established by the 1995 Act but within the limits arguably established in the Reuter map.

On 28 May 1996 plaintiffs instituted the present action. The trial court, by order entered 11 June 1996, concluded the 1995 Act was unconstitutional as a matter of law and granted plaintiffs a permanent injunction prohibiting Winston-Salem from annexing any portion of the alleged 2500 acres constituting the Town of Bethania.

On appeal defendant Winston-Salem contends the trial court erred because: (I) the 1995 Act is constitutional; (II) necessary parties are missing from the present action; (III) defendants, not plaintiffs, were entitled to summary judgment; and (IV) plaintiffs are time-barred from challenging annexation.

As a preliminary matter we note plaintiffs failed to notify the Attorney General of a constitutional challenge to the 1995 Act as required by N.C. Gen. Stat. § 1-260 (1996). At oral argument, however, plaintiffs stated the Attorney General was notified of the constitutional challenge to the 1995 Act during the course of perfecting this appeal. The Attorney General declined to intercede, or otherwise become involved, in the present case.

## I.

We first consider Winston-Salem's contention the 1995 Act is constitutional.

Plaintiffs argued at trial, and before this Court, the 1995 Act is facially unconstitutional because it violates (1) Article II, section 24(1)(h) of the North Carolina Constitution, (2) Article XIV, section 3 of the North Carolina Constitution, and (3) Article I, sections 2 and 10 of the North Carolina Constitution. Alternatively, plaintiffs argue the 1995 Act is a nullity.

## A.

[1] The North Carolina Constitution prohibits the General Assembly from enacting "any local, private, or special act or resolution . . . [e]recting new townships, or changing township lines . . . ." N.C. Const. art. II, § 24(1)(h). To prevail in the instant action, plaintiffs must therefore establish, beyond a reasonable doubt, *Assurance Co.*

*v. Gold, Comr. of Insurance,* 249 N.C. 461, 462, 106 S.E.2d 875, 876 (1959), the 1995 Act was not only a "local" act, but also that it changed township lines. *See State ex rel. Martin v. Preston,* 325 N.C. 438, 448, 385 S.E.2d 473, 478 (1989) (our courts should grant every reasonable presumption an act is constitutional).

"The word 'township,' within the meaning of a constitutional provision prohibiting special legislation regulating county and township affairs, refers to an involuntary corporation or quasi[-]corporation, such as a subdivision of a county, and not to a voluntary municipal corporation, such as a city or town." 56 AM. JUR. 2D *Municipal Corporations* § 7 (1971). Indeed, when, as here, there is no constitutional limitation to the contrary, *see* N.C. Const. art. VII, "the legislature has full power to amend the charter of a municipal corporation[,] [such as a town,] at its pleasure, and when the legislature passes an amendment to a municipal charter . . . the amendment takes effect without any acceptance on the part of the municipality." 56 AM. JUR. 2D *Municipal Corporations* § 51 (1971). *See Plemmer v. Matthewson,* 281 N.C. 722, 725, 190 S.E.2d 204, 207 (1972) (General Assembly may constitutionally provide for the alteration of municipal boundaries, and limit annexation powers); *Matthews v. Blowing Rock,* 207 N.C. 450, 451, 177 S.E. 429, 429 (1934) (no constitutional limitations on the General Assembly's authority to alter, amend, or dissolve municipal corporations).

Simply put, as a general rule,

the courts have no authority to inquire into the motives of the [General Assembly] in the incorporation of political subdivisions. . . . [T]he setting up of a municipal corporation by the General Assembly at any place, under [Article VII of the North Carolina Constitution], is left to legislative discretion. The fixing of boundaries of municipal corporations is a permissible legislative function.

*Jones v. Jeanette,* 34 N.C. App. 526, 532, 239 S.E.2d 293, 296 (1977). Further, the authority accorded a municipality "may be enlarged, abridged, or withdrawn entirely at the will or pleasure of the [General Assembly]." *Rhodes v. Asheville,* 230 N.C. 134, 140, 52 S.E.2d 371, 375, *reh'g denied,* 230 N.C. 759, 53 S.E.2d 313 (1949).

For purposes of resolving the present appeal, we accept plaintiffs' assertion at oral argument that the 1838 Act was properly ratified by town meeting. We also accept plaintiffs' claim the General

Assembly did not ordinarily define corporate boundaries when chartering municipalities prior to the mid-1970s, but rather the common practice was to file documents, like the Reuter map, with the registrar of deeds in the county of incorporation. We therefore assume, without deciding, that the Reuter map established the corporate boundaries for the Town of Bethania as created by the 1838 Act.

Even accepting plaintiffs' factual allegations as true, the Town of Bethania nonetheless remains a town, not a township. The General Assembly thus retained plenary authority to alter the charter for the Town of Bethania thereby decreasing its corporate boundaries. *See* 56 AM. JUR. 2D *Municipal Corporations* § 7. Further, the 1995 Act cannot reasonably be construed as altering the lines for the township of Bethania—a geographic designation wholly independent of, and unrelated to, the Town of Bethania, *see* 1 EUGENE MCQUILLIN, MUNICIPAL CORPORATIONS §§ 1.29-1.32, 2.47-2.51 (3d ed. 1987) (discussing the definitions of, and distinctions between, "towns" and "townships"). It naturally follows, therefore, that the 1995 Act does not violate Article II, section 24(1)(h) of the North Carolina Constitution. *See Smith v. Keator*, 285 N.C. 530, 534, 206 S.E.2d 203, 206 (even if statute susceptible to two reasonable interpretations, one constitutional the other unconstitutional, the constitutional interpretation will be adopted), *appeal dismissed*, 419 U.S. 1043, 42 L. Ed. 2d 636 (1974).

B.

**[2]** At oral argument, plaintiffs also alleged the 1995 Act—entitled an "Act to Revive the Charter of the Town of Bethania"—was a legal nullity because it, in fact, could not revive a charter which had never been repealed.

It is a well settled rule of statutory construction that the title of an act, although some evidence of legislative intent where the meaning of a statute is in doubt, cannot override, or otherwise limit, unambiguous language. *Preston v. Thompson*, 53 N.C. App. 290, 292, 280 S.E.2d 780, 782-783, *appeal dismissed and disc. review denied*, 304 N.C. 392, 285 S.E.2d 833 (1981). In other words, the intent of the General Assembly, as expressed through clear and unambiguous language within the statute, remains the guiding star for statutory interpretation. *See, e.g., Barnhill Sanitation Service v. Gaston County*, 87 N.C. App. 532, 543-544, 362 S.E.2d 161, 168 (1987) (primary rule is intent of General Assembly controls interpretation), *disc. review denied*, 321 N.C. 742, 366 S.E.2d 856 (1988).

In the instant action, even assuming the corporate limits of the Town of Bethania in 1838 were established by the Reuter map, the General Assembly nonetheless intended the 1995 Act to decrease the corporate boundaries of Bethania to approximately 400 acres. These two acts are patently irreconcilable. Therefore, although not containing express repealing language, the 1995 Act—the act passed later in time—impliedly repeals the 1838 Act. *See Cab Co. v. Charlotte,* 234 N.C. 572, 577, 68 S.E.2d 433, 437 (1951); *Kelly v. Hunsucker,* 211 N.C. 153, 156, 189 S.E. 664, 665 (1937). Therefore, plaintiffs' argument the 1995 Act is a nullity because of a limitation inherent in its title is without merit.

II.

**[3]** Winston-Salem also alleges there are no further legal impediments to the proposed annexation. We agree.

Simply put, the 1995 Act is constitutional, see I., *supra,* and plaintiffs are time-barred from asserting any further challenge to the proposed annexation, *see* N.C. Gen. Stat. § 160A-50 (Cum. Supp. 1996). Indeed, the present record fails to disclose any challenges to the proposed annexation which were filed within the requisite 30-day period.

In sum, we reverse the trial court's order granting summary judgment to plaintiffs and remand to the trial court with instructions to vacate the permanent injunction previously entered in favor of the plaintiffs and to enter judgment in favor of the defendants.

Reversed and remanded.

Judges COZORT and TIMMONS-GOODSON concur.