### CROCKER v. MOORE.

(Filed February 27, 1906).

*Road Law—Dispensaries—Application of Proceeds—Power of Legislature—Constitutional Law—Taxes for Roads— Levy Without Popular Vote—Necessary Expenses.*

1.   The Act of 1903, chap. 538, which establishes a road system and appropriates to the road fund one-half the net proceeds of all dispensaries "now established or hereafter established" in North-hampton County, applies to the dispensary established at Jackson under the Act of 1899, chap. 189, providing that one-third of the net proceeds shall go to the town and two-thirds to the public schools of the township.

2.   As one-half of the proceeds is subtracted by the Act of 1903 to be applied to the roads, the other half only remains to be applied in the ratio stated by the Act of 1899.

3.   The power of the General Assembly over dispensaries in their creation, abolition and the application of their net proceeds is plenary.

4.   The provisions in the Act of 1903 appropriating to the road fund one-half of the net proceeds of the dispensary is valid and the money should be paid to the road fund, even though other parts of the act were unconstitutional.

5. The objection that the Act of 1903 takes the power of levying taxes for road purposes out of the hands of the county commissioners is without merit. The act provides merely that the board of road commissioners shall ascertain and decide as to the amount needed for working the road and the rate necessary to raise that sum, and report to the board of county commissioners, who shall levy the taxes.

6. The fact that the road commissioners, under Act of 1903, chap. 538, may report an amount, which, added to the other necessary taxes, will exceed the constitutional limitation, does not render the statute invalid.

7. The objection to the constitutionality of the Act of 1903, chap. 538, in that the act applies a part of the county capitation tax to the use of the public roads in violation of the Constitution, Article V, section 2, which appropriates the State and County poll tax "to the purposes of education and the support of the poor," cannot be sustained, as that provision applies to the levy of taxation for general, not special, purposes.

8. Working the roads is a necessary expense and the act authorizing the county commissioners to levy a tax for such purpose without a vote of the people is valid under Art. VII, section 7, of the Constitution.

9. Under section 14 of Article VII of the Constitution, the General Assembly is given power to modify, change or abrogate all the provisions of Article VII, except sections 7, 9 and 13.

ACTION by J. G. L. Crocker, Treasurer of Northampton County, against W. P. Moore, Treasurer of the Town of Jackson, heard upon an agreed statement of facts by *Judge B. F. Long,* at the Fall Term, 1905, of the Superior Court of NORTHAMPTON. From a judgment for the plaintiff, the defendant appealed.

*Gay & Midyette* and *W. E. Daniel* for the plaintiff.
*Peebles & Harris* and *Winborne & Lawrence* for the defendant.

CLARK, C. J. Chapter 538, Laws 1903, which establishes

a system for working roads in Northampton County, in section 7 thereof, provides that one-half of the net proceeds of all dispensaries "now established or hereafter established" in that county shall go to the road fund. Under chapter 189, Laws 1899, a dispensary had been established at Jackson in said county, section 16 whereof provided that one-third of the net proceeds thereof should be applied to the uses of said town and the other two-thirds for the benefit of the public schools of that township. The dispensary was established by virtue of the police power of the State which had the right to appropriate the net proceeds to any purpose the Legislature thought best for the public welfare. The method of appropriation provided by the Act of 1899 was not a vested right in the beneficiaries therein named and the method could be changed at will by any subsequent Legislature.

It is true the Act of 1903 does not refer by name to the Act of 1899, but it specifically appropriates one-half the net proceeds of all dispensaries "now established" or hereafter to be established in Northampton County. This certainly applies to the dispensary at Jackson, and the power of the General Assembly over dispensaries in their creation, abolition and the application of their net proceeds is plenary. The dispensary is not a contract, but a privilege conferred on the town of Jackson, and like the charter of the town itself the act creating the dispensary may be changed at the will of the Legislature.

As one-half of the net proceeds is thus subtracted to be applied to the roads, the other half only remains to be applied in the ratio stated by the Act of 1899, i. e., one-third of said remaining one-half will go to the town and two-thirds of said remaining one-half to the public schools of the township.

It is, however, further contended that chapter 538, Laws 1903, is unconstitutional as to certain other provisions, and hence the attempted appropriation of one-half of the net

proceeds of the dispensary thereunder falls with it. But the above part of the statute is valid and the money from the dispensary should be paid to the road commissioners, even though other parts of the act were unconstitutional. However, we cannot sustain the objections made to the constitutionality of the act.

1. The first objection raised is that it takes the power of levying taxes for road purposes out of the hands of the county commissioners. The act provides merely that the board of road commissioners shall ascertain and decide as to the amount needed for working the road and the rate necessary to raise that sum and report to the board of county commissioners who shall levy the taxes.

2. The second objection is that the rate of taxation, when swelled by the taxes for road purposes, will exceed the constitutional limitation. If the amount reported as needed by the road commissioners, added to the other necessary taxes, shall exceed the limitation upon taxation, there could be a reduction agreed upon, if necessary, by the two boards, or the county commissioners may not levy the excess, but that the road commissioners may possibly report an excessive sum, does not render the statute invalid. It does not appear that in fact any levy has been made in excess of the constitutional limitation. An injunction against such excess would not invalidate, but would make more necessary, the payment of money from the dispensary for road purposes. The language of the act authorizing the levy of a special tax for these roads is almost identical with that sustained in *Herring v. Dixon,* 122 N. C., 420, and *Tate v. Commissioners, ibid.,* 812. The Legislature can authorize a county to exceed the constitutional limitation for necessary purposes, and working the roads is a necessary purpose.

3. In that the act applies a part of the county capitation tax to the use of the public roads in violation of the Constitution, Article V, section 2, which appropriates the State

and county poll tax "to the purposes of education and the support of the  poor." But that provision applies to the levy of taxation for general not special purposes. *Board of Education v. Commissioners,* 137 N. C., 310.

4. That the act violates the Constitution, Article VII, section 7, by authorizing the county commissioners to levy taxes in Northampton County, for other than necessary purposes, without a vote of the people. But working the roads is a "necessary expense." *Tate v. Commisioners,* 122 N. C., 812; *Herring v. Dixon, ibid.,* 420; *Satterthwaite v. Commissioners,* 76 N. C., 153; *Brodnax v. Groom,* 64 N. C., 249.

5. For that the act attempts to direct the board of county commissioners in their supervision and control of roads and bridges in violation of the Constitution, Article VII, section 2. But under section 14 of Article VII, inserted by the convention of 1875, the General Assembly is given full power to modify change or abrogate all the provisions of Article VII, except sections 7, 9 and 13. We find

No Error.