GEORGE A. PENNY v. NEILL McK. SALMON, A. L. OLDHAM AND W. P. BYRD, CONSTITUTING THE BOARD OF ELECTIONS FOR HARNETT COUNTY, NORTH CAROLINA.

(Filed 20 March, 1940.)

1. **Constitutional Law § 4d: Counties § 1: Registers of Deeds § 1—**

The constitutional provision for the election of registers of deeds for a term of two years, Art. VII, sec. 1, is subject to modification by statute, Art. VII, sec. 14, and therefore the Legislature has the power to make the office appointive rather than elective, to extend the term, or to abolish it altogether, and even to dispossess the incumbent, since public office is not a property right.

**2. Same: Statutes § 7—Statute extending term of office of incumbent register of deeds held not an ex post facto statute.**

The provision of chapter 494, Public-Local Laws of 1939, extending the term of office of the Register of Deeds of Harnett County who was elected for a two-year term and was inducted into office on the first Monday in December prior to the passage of the act, is a valid exercise of legislative power and amounts to an appointment of the incumbent by the Legislature for the remainder of the four-year term prescribed by the act, and therefore is not an *ex post facto* act, and the Board of Elections of the county properly refused to place plaintiff's name on the ballot as a candidate for the office at the expiration of the two-year term.

APPEAL by plaintiff from *Williams, J.,* 22 February, 1940, at Chambers, Raleigh, N. C. From HARNETT. Affirmed.

*J. R. Young for plaintiff, appellant.*
*Neill McK. Salmon for defendants, appellees.*

SEAWELL, J. This is a civil action brought by the plaintiff against defendants (constituting the Board of Elections of Harnett County), to obtain a writ of *mandamus* compelling them to permit the plaintiff to file notice of his candidacy for the office of register of deeds for Harnett County in the primary election to be held 25 May, 1940, and to put his name on ballots to be voted at said election. Plaintiff sets up that in apt time he had offered to file with the defendant Board of Elections the notice and pledge as required by law as a candidate for the office of register of deeds for Harnett County in the Democratic primary election to be held on 25 May, 1940, and therewith tendered the filing fees required of candidates for this office; that it was the duty, and is now the duty, of the defendant Board of Elections to accept said fee and place plaintiff's name upon the ballots to be voted in the said primary; that the defendants declined to accept the fee and have declared their intention and purpose not to place plaintiff's name upon the ballots to be voted in said election; and, in fact, held a meeting at which, upon appropriate resolutions, they formally declined to accept the fee or recognize the plaintiff as a candidate, upon the ground that the present register of deeds for Harnett County had been duly elected to office at the general election held in Harnett County on the first Tuesday of November, 1938, was inducted into the said office on the first Monday in December, 1938, and that thereafter the General Assembly of North Carolina enacted chapter 494, Public-Local and Private Laws of 1939, extending the term of the incumbent of the office of register of deeds of Harnett County for a term which will not expire until the first Monday of December, 1942. The defendants duly notified the plaintiff of their said action.

The plaintiff makes the contention that chapter 494, Public-Local and Private Laws of 1939, purporting to extend the term of office of the present register of deeds of Harnett County, is unconstitutional and void, and that in spite thereof the plaintiff is entitled to file his notice of candidacy to said office and to have his name placed upon proper ballots, so that the electors may have an opportunity of voting for him.

The defendants demurred to the complaint as not stating a cause of action and aver the constitutionality of the statute.

The trial judge sustained the demurrer, declared the statute to be constitutional, dismissed the action, and taxed the plaintiff with the costs. From this judgment plaintiff appealed, assigning error.

Article VII of the State Constitution provides a set-up for the organization of municipal corporations, which may be permanent or temporary according to whether the Legislature elects to let it alone or provide otherwise. See section 14. In section 1, provision was made for the election of a register of deeds for a term of two years. It was realized that more elasticity should be given in the organization and operation of these municipal corporations, perhaps for the reason that they were calculated to bring government closer to the people and might have to deal with local conditions, making desirable a different set-up, or might even be made responsive to the local desire for facilities which political progress proved to be superior to those at the time made available by the Constitution. *Wells v. Housing Authority,* 213 N. C., 744, 197 S. E., 693. Therefore, section 14 of Article VII provides: "The General Assembly shall have full power by statute to modify, change, or abrogate any and all of the provisions of this article, and substitute others in their place, except sections seven, nine, and thirteen." The excepted sections are not involved in this appeal.

The Legislature, therefore, has power to deal with the office of register of deeds as it sees fit, to make it appointive rather than elective, to extend the term, or to abolish it altogether. *Audit Co. v. McKensie,* 147 N. C., 461, 61 S. E., 283; *Harriss v. Wright,* 121 N. C., 173, 179, 28 S. E., 269; *Jones v. Comrs.,* 137 N. C., 579, 50 S. E., 291; *Crocker v. Moore,* 140 N. C., 429, 53 S. E., 229; *Brown v. Comrs.,* 100 N. C., 92, 5 S. E., 178.

Pertinent to the manner in which the Legislature may deal with the office, we may quote from 97 A. L. R., p. 1441: "Where the office is purely statutory the Legislature may either shorten or lengthen the term and make the act apply to those in office at the time when the act becomes effective."

It is clear that if the Legislature may make the office appointive there is no constitutional prohibition against the Legislature making the appointment, and it may do so in one act and confer the office upon the

incumbent. See Connor and Cheshire on the Constitution, p. 129; *Fortune v. Comrs.,* 140 N. C., 322, 53 S. E., 75.

Under no aspect of its operation is the statute under review retrospective. Even had the incumbent been dispossessed by the action, he may have been disappointed but not legally aggrieved. *Mial v. Ellington,* 134 N. C., 131, 46 S. E., 961. The right to office is no longer a property right, and there can be no vested right therein which would prevent the Legislature from dealing with it as public policy requires.

Much less has the plaintiff any cause of complaint, since certainly the public has no vested right in the election of any officer except as that mode of selection may be guaranteed by the Constitution, under provisions which are unalterable by legislative action. The right of plaintiff to stand for election to an office is a political privilege and not inalienable, and certainly when a different method of selection has been provided, consistent with the Constitution, the fact that his aspiration has been thwarted by a nondiscriminatory change of the law gives him no cause of action.

This opinion is in accordance with *Freeman v. Board of Elections, ante,* 63, with regard to its immediate effect upon the term of the office and is not retrospective in disregarding any implications which might arise from the fact that the election of the present incumbent was for a term of specific length.

The judgment is

Affirmed.