**BETHANIA TOWN LOT COMMITTEE v. CITY OF WINSTON-SALEM**

[348 N.C. 664 (1998)]

BETHANIA TOWN LOT COMMITTEE, JOHN E. COLLINS, OTIS SELLERS, HUBERT LASH, ERICSTEEN J. LASH, DIONNE BREWER KOGER JENKINS, JOSEPH C. JONES, JR., J.C. COVINGTON, BEULAH G. MILLER, CLARENCE G. HAUSER, JULIUS WALKER, TODD JORGENSEN, STEPHEN D. PETREE, HANES G. CARTER, VICKI F. CARTER, WALTER HUNTER, CHAPPELL HUNTER, BEVERLY L. HAMEL AND WILLIAM M. COBB, JR. v. CITY OF WINSTON-SALEM, SETH B. BROWN, DEBORAH THOMPSON, B.A. BYRD, G. WAYNE PURGASON AND WILLA LASH

No. 402PA97

(Filed 30 July 1998)

**1. Municipal Corporations § 18 (NCI4th)— Town of Bethania—act creating—portion of existing town excluded—insufficient record of existing town**

There was insufficient evidence of an extant town from 1835 to 1995 in an action to block an annexation by Winston-Salem where plaintiffs alleged that they were residents of an area included in the Town of Bethania created in 1839 and not included in the area covered by a 1995 act which created a new Bethania over a smaller area. The 1839 act provided that the town would not be effective until the inhabitants approved it and there are no town records showing approval; indeed, there are no town records at all. References in historical journals are not sufficient.

**2. Municipal Corporations §§ 32, 33 (NCI4th)— Town of Bethania—act creating—not unconstitutional**

A 1995 Act purporting to create the Town of Bethania did not violate the North Carolina Constitution: the General Assembly may not adopt local acts concerning the subject matter of general laws, but the Constitution does not direct the creation of municipalities by general laws; the General Assembly may not enact a prohibited local act by the partial repeal of a general law, but the 1995 act is not a prohibited general act; and the 1995 act did not unconstitutionally delegate legislative power to the City of Winston-Salem.

**3. Municipal Corporations § 18 (NCI4th)— Town of Bethania—township line**

An act creating the Town of Bethania did not change a township line in violation of the North Carolina Constitution where plaintiffs contended that their land, included in the alleged original Bethania but excluded by this act, was obviously intended to

be part of the City of Winston-Salem and that this effectively changed the township line because there cannot be a city in a township. Cities are within townships.

**4. Municipal Corporations § 18 (NCI4th)— Town of Bethania—town created by 1995 act—areas excluded from alleged 1839 town—Fifteenth Amendment to U.S. Constitution—no violation**

Plaintiffs were not deprived of their right to vote in elections in the new Town of Bethania where their property was included in the alleged Town of Bethania created in 1839, but not in the smaller town created by the General Assembly in 1995. Plaintiffs have never voted in Bethania and have not been denied a right which they previously possessed. The North Carolina Supreme Court does not believe that the Fifteenth Amendment to the U.S. Constitution requires that any particular area must be included in a newly created town in order that residents of that area may vote in municipal elections.

Justice ORR dissenting.

On discretionary review pursuant to N.C.G.S. § 7A-31 and on appeal of right of a constitutional question pursuant to N.C.G.S. § 7A-30(1) to review a unanimous decision of the Court of Appeals, 126 N.C. App. 783, 486 S.E.2d 729 (1997), vacating an order granting a permanent injunction entered by Burke, J., at the 10 June 1996 Civil Session of Superior Court, Forsyth County. Heard in the Supreme Court 12 February 1998.

In this case, the plaintiffs challenge an act of the General Assembly entitled "An Act to Revive the Charter of the Town of Bethania." Act of May 10, 1995, ch. 74, 1995 N.C. Sess. Laws 126 (the 1995 Act). By this Act, the General Assembly purported to create the Town of Bethania in Forsyth County. It provided that the Town would cover four hundred acres as set forth in a metes and bounds description contained in the Act. The Act provided that the Town could not expand its corporate limits without an agreement to do so with the City of Winston-Salem and that the corporate limits of the Town of Bethania shall be considered the primary corporate limits of the City of Winston-Salem for parts 1, 3, and 4 of article 4A of chapter 160A of the General Statutes.

After the adoption by the General Assembly of the 1995 Act, the City of Winston-Salem adopted an annexation ordinance in which it

proposed to annex land close to the town limits of Bethania. The plaintiffs brought this action to block the annexation. They alleged that they were residents of the true Bethania, a town of 2,500 acres which preceded the town which was purportedly created by the 1995 Act and that they resided on land which the City of Winston-Salem proposed to annex. They also alleged that they were African-American citizens, as were most of the residents of the area which the City of Winston-Salem proposed to annex, and that they were deprived of the right to vote in municipal elections in the revived Town of Bethania in violation of Article II, Section 24 and Article XIV, Section 3 of the Constitution of North Carolina as well as the Fifteenth Amendment to the Constitution of the United States.

The plaintiffs prayed that the 1995 Act be declared unconstitutional and that the City of Winston-Salem be permanently enjoined from annexing any land in the city limits of what the plaintiffs contend is the true Bethania, a town of 2,500 acres.

At a hearing on the plaintiffs' motion for an injunction, the plaintiffs showed that in 1839, the General Assembly enacted "An Act to appoint Commissioners for the Town of Bethania in the County of Stokes." Act of Jan. 3, 1839, ch. LXV, 1838-39 N.C. Sess. Laws 178. That Act provided for the appointment of commissioners and authorized the carrying out of certain governmental activity "provided that the inhabitants of said Town shall, in full Town meeting, approve of this Act of Incorporation." *Id.* sec. I, at 179. The only evidence that the inhabitants approved the Act is a reference by author Louise Bowles Kapp which said that a notice was posted which requested "[a]ll inhabitants of Bethania . . . to meet at the shop of Elias Schaub . . . at early candle light for the purpose of adopting or rejecting the act of incorporation ratified on the 3rd of January, 1839." Louise Bowles Kapp, Bethania: The First Industrial Town of Wachovia 27-28, Bethania Historical Ass'n (1995).

The 1839 Act did not establish a boundary for the town. The plaintiffs produced a map of Bethania, made by Christian Gottlieb Reuter in 1771, which shows Bethania contains 2,500 acres. There were also maps made in 1810 and 1822 which showed Bethania contained 2,500 acres. The plaintiffs also produced references which show that a constable was elected for Bethania and a tax collector appointed in 1852, *Records of the Moravians in North Carolina (1852-1879)*, vol. XI, at 5750, 5762, N.C. Dep't of Archives & History, Raleigh, N.C. (Kenneth G. Hamilton ed., 1969); that there was a sher-

iff in 1850, *Records of the Moravians in North Carolina (1841-1851)*, vol. X, at 5521, N.C. Dep't of Archives & History, Raleigh, N.C. (Kenneth G. Hamilton ed., 1966); and that elections were held in 1850, *id.* at 5526, and in 1856, vol. XI. In another publication, it is said that in March of 1848, sixteen "Gentlemen Justices" appointed and commissioned by the Governor met in a concert hall in Bethania and elected William Flynt sheriff for the ensuing year. Adelaide Fries et al., *Forsyth: The History of a County on the March* 156, Univ. of N.C. Press, Chapel Hill, N.C. (rev. ed. 1976).

The superior court held that the 1995 Act is unconstitutional on its face in that it violates the Constitution of North Carolina. The court permanently enjoined the City of Winston-Salem from annexing any part of the 2,500 acres known as the Town of Bethania.

The Court of Appeals reversed the judgment of the superior court and ordered that judgment be entered for the defendant City. This Court allowed discretionary review.

*Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Annie Brown Kennedy; Harold L. Kennedy, III; Harvey L. Kennedy; and Harold L. Kennedy, Jr., for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Roddey M. Ligon, Jr.; and Ronald G. Seeber, City Attorney, for defendant-appellee City of Winston-Salem.*

*NAACP Legal Defense & Educational Fund, Inc., by Victor A. Bolden, pro hac vice, amicus curiae.*

WEBB, Justice.

[1] The plaintiffs contend that the General Assembly in 1839 created the Town of Bethania comprising 2,500 acres. They say the General Assembly could not by local act in 1995 create a new Bethania, reduced in size to 400 acres.

We do not believe a town exists because of the 1839 Act. The Act provided the Town would not be effective until the inhabitants of the Town approved it. There are no town records showing approval. Indeed, there are no town records at all. There is a reference in a historical journal to a meeting for the purpose of ratifying the Act. There was no evidence as to whether the Act was ratified. There were references from historical journals to a constable, a tax collector, and a sheriff who were elected at various times, and there were references

to two elections. The last of these events occurred in 1856, which was 139 years prior to the enactment of chapter 74 of the 1995 Session Laws (the 1995 Act). This is not sufficient evidence to show the 1839 Act created a town which was extant in 1995.

[2] The General Assembly may, by special or local act, create municipalities and change the boundaries of municipalities. *Plemmer v. Matthewson*, 281 N.C. 722, 725, 190 S.E.2d 204, 207 (1972); *Matthews v. Town of Blowing Rock*, 207 N.C. 450, 452, 177 S.E. 429, 430 (1934); *Lutterloh v. City of Fayetteville*, 149 N.C. 65, 69, 62 S.E. 758, 760 (1908). This causes plaintiffs' argument that the 1995 Act violates certain parts of the North Carolina Constitution to fail.

The plaintiffs contend that the 1995 Act violates Article XIV, Section 3 of our Constitution. This section provides that when the General Assembly is directed or authorized by the Constitution to enact general laws, no local act may be adopted concerning the subject matter directed to be accomplished by general laws. This section has no application to this case. The Constitution does not direct the General Assembly to create municipalities by general laws.

The plaintiffs also contend that the 1995 Act violates Article II, Section 24(2) of the North Carolina Constitution. This section provides that the General Assembly may not enact a prohibited local act by the partial repeal of a general law. The 1995 Act is not a prohibited local act.

The plaintiffs contend further that the 1995 Act violates Article II, Section 1 of the Constitution by delegating legislative power to the City of Winston-Salem. This argument was answered by former Chief Justice Sharp in *Plemmer v. Matthewson*, in which she said:

> In delegating to the town commissioners the discretionary right to decide whether to enlarge the corporate limits as specified in the Act, the General Assembly did not delegate legislative authority in violation of N.C. Const. art. II, § 1, or art. I, § 6. Except for approval by the town's board of commissioners, the Act was complete in every respect at the time of its ratification. The only discretion given the commissioners was to decide whether or not to annex the territory specified in the Act . . . . In authorizing the annexation, the General Assembly determined that the annexation was suitable and proper.

*Plemmer*, 281 N.C. at 726, 190 S.E.2d at 207.

The plaintiffs next argue that the 1995 Act is a nullity because it attempts to revive the charter of a town whose charter had not been repealed. This argument is answered by our holding that there was not a Town of Bethania at the time the 1995 Act was adopted.

[3] The plaintiffs next contend that the 1995 Act is a local act which changes a township line in violation of Article II, Section 24(1)(h) of the North Carolina Constitution. They argue that the southern boundary of the original Bethania is coterminous with the southern boundary of Bethania Township. When the General Assembly created a new Bethania, say the plaintiffs, it was obvious the land excluded from the original Bethania was intended to be part of the City of Winston-Salem. The plaintiffs argue that this had the effect of changing the township line because there cannot be a city in a township.

Cities are within townships. The fact that Winston-Salem may extend its boundary should have no effect on the Bethania Township line.

[4] The plaintiffs next contend that the 1995 Act is in violation of the Fifteenth Amendment to the Constitution of the United States because it deprives them of their right to vote in elections in the Town of Bethania. They rely on *Gomillion v. Lightfoot*, 364 U.S. 339, 5 L. Ed. 2d 110 (1960), in which the United States Supreme Court held the Alabama legislature could not change the boundaries of the City of Tuskegee to exclude African-Americans from the City and deprive those persons of the right to vote in city elections. This case is distinguishable from *Gomillion* in that the plaintiffs have never voted in Bethania. They have not been denied a right which they previously possessed.

The plaintiffs have not cited a case and we cannot find one that deals with the effect of the Fifteenth Amendment on the incorporation of a town by a legislature. We do not believe that when such a situation occurs, the Amendment requires that any particular area must be included in the newly created town in order that the residents of that area may vote in municipal elections.

Finally, the plaintiffs contend that they sufficiently pled a constitutional violation so that the case should not have been dismissed on the pleadings. The case was not dismissed on the pleadings. Evidence was adduced at the hearing, and the facts were not in dispute. The court could, as it did, enter a final judgment.

**BETHANIA TOWN LOT COMMITTEE v. CITY OF WINSTON-SALEM**

[348 N.C. 664 (1998)]

For the reasons stated in this opinion, we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice ORR dissenting.

I dissent from the majority's conclusion that the 1995 "Act to Revive the Charter of the Town of Bethania" is constitutional. This Act violates Article XIV, Section 3 of the North Carolina Constitution, which provides:

> Whenever the General Assembly is directed or authorized by this Constitution to enact general laws, or general laws uniformly applicable throughout the State, or general laws uniformly applicable in every county, city and town, and other unit of local government, or in every local court district, *no special or local act shall be enacted concerning the subject matter directed or authorized to be accomplished by general or uniformly applicable laws*, and every amendment or repeal of any law relating to such subject matter shall also be general and uniform in its effect throughout the State.

N.C. Const. art. XIV, § 3 (emphasis added). The General Assembly of North Carolina has developed specific procedures for annexation, set out in N.C.G.S. §§ 160A-24 through -58.28, which apply to *all* North Carolina municipalities. However, the Act in question provides, in pertinent part, as follows:

> (c) Notwithstanding Parts 1 through 5 of Article 4A of Chapter 160A of the General Statutes, only areas described as subject to annexation by the Town of Bethania in an annexation agreement between the City of Winston-Salem and the Town of Bethania under Part 6 of that Article may be annexed by the Town of Bethania. Annexation of any areas so designated, however, must be done in accordance with Parts 1 through 5 of that Article, as applicable.

> (d) The corporate limits of the Town of Bethania shall also be considered the primary corporate limits of the City of Winston-Salem for the purposes of Parts 1, 3 and 4 of Article 4A of Chapter 160A of the General Statutes.

Act of May 10, 1995, ch. 74, sec. VII(c), (d), 1995 N.C. Sess. Laws 126, 129. As reflected in the minutes of 20 February 1995, the City

Attorney explained to the Board of Aldermen of the City of Winston-Salem the effect of this Act:

> Another provision is that Bethania may not annex in the future without first having an annexation agreement with the City of Winston-Salem. A third provision is that the area of Bethania itself will be considered the primary corporate limits of the City of Winston-Salem for purposes of future City of Winston-Salem annexations under G.S. 160A in order that Winston-Salem can be contiguous to these areas as the City limits are extended.

The obvious effect of this Act is to grant Winston-Salem greater annexation authority than other municipalities and to diminish annexation powers of the Town of Bethania in comparison with other municipalities. This is the exact type of circumstance that our Constitution seeks to prevent. To sanction this Act is to allow powerful municipal interests to have other special acts passed in the General Assembly giving them ever-greater authority over annexation procedures and threatening the rights of smaller, less-powerful municipalities in the process.

I would affirm the trial court's decision that this Act is unconstitutional on its face.